Harrison vs. The State of Missouri.

JAMES HARRISON vs. THE STATE OF MISSOURI.

1. Where a city charter gives the power to the city to license and tax ferries within its limits, unless by the charter an exclusive right be given, the right of the State to license and tax the same ferries, is not taken away.

3. The City of St. Louis has not, by its amended charter of 1843, an exclusive right to license the ferries within its limits.

APPEAL from St. Louis Criminal Court.

Lewis V. Bogy, for Appellant.

The appellant contends that the city of St. Louis has exclusive jurisdiction by its charter, to license and regulate all ferries within its corporate limits, and refers to the following acts of the legislature: Sec. 2d, 3d art. of act chartering the city, approved the 8th February, 1839; page 160 of session acts, giving the city *exclusive* power within the city to license and regulate the keeping of ferries; and also 3d sec. 3d art. of the charter, approved 15th February, 1841, page 133 of· session acts, giving the same power as the charter of 1839; and also the 40th sect. of 3d article of the charter; approved the 8th February, 1843; session acts, page 119, *giving power to regulate and license all ferries within the limits of the city;* (by this last charter the word exclusive is left out.)

The act regulating ferries, approved the 26th February, 1835, page 175, R. C., is not in force in the city of St. Louis.

According to the 28th section of the act, concerning revised statutes, page 383, Rev. C., providing that where provisions of different statutes are repugnant to each other, that which shall have been last passed shall prevail. The act of 1835, regulating ferries, is repealed by the subsequent acts of the legislature, giving exclusive power to the city of St. Louis, to license and regulate all ferries within its limits.

If the above positions are correct, it follows that the demurrer to the indictment should have been sustained.

Napton, J., delivered the opinion of the court.

The plaintiff in error was indicted by the grand jury of St. Louis county, for keeping a ferry without a license from the county court, as required by the act regulating ferries, approved 26th February, 1835.

The plaintiff in error had taken out a license from the city authorities of St. Louis, and the only question was, whether on this subject, the ferry being on the Mississippi, at the city of St. Louis, the city had exclusive priviliges. Unless there be something in the language of the city charter, to give it such exclusive right of taxation, it would hardly be presumed. The city authorities have by their charter, the power to levy and collect taxes upon all property made taxable by law, for State purposes ; they have the power to license, tax and regulate auctioneers, grocers, merchants, &c., and the right to restrain and suppress billiard houses, gaming houses, dram shops, &c., but these powers are subordinate to the powers of the legislature, over the same subjects, and that power has been exercised According to the charter of 1839, the city authorities were invested with *exclusive* power within the city, to license and regulate the keeping of ferries, but in the charter of 1843, which was in force when this indictment was found, the word "exclusive" is omitted, with the design, as we must presume, of leaving this subject upon the same basis with the other subjects of city taxation.

Judgment affirmed.