## JEFFERSON CITY vs. C. & F. COURTMIRE.

1. The clause in the charter of Jefferson City which gives to the mayor and board of aldermen, power to *"regulate the police of the city,"* gives them no power to pass an ordinance for the punishment of indictable offences.

2. By the charter, the aldermen have the same criminal jurisdiction as is possessed by justices of the peace under the general law.

ERROR to Cole Circuit Court.

McBRIDE, J. delivered the opinion of the court.

This was a proceeding instituted against the defendants, by the corporate authorities of the city of Jefferson, on a charge of having committed a breach of an ordinance of said city, for the suppression of riots, routs and unlawful assemblies. The trial was had before an alderman of said city by a jury of six men, by consent, who found the defendants guilty, and assessed a fine against them, upon which judgment was entered ; thereupon the defendants took an appeal to the circuit court, and there filed their motion to dismiss the case ; which having been sustained, the corporation excepted, and sued out a writ of error to reverse the judgment of the circuit court.

The power exercised by the alderman in this case is claimed for him by virtue of the provisions of the ordinance above referred to, and is said to be within the rights vested in the corporate authorities by the charter granted them by the general assembly of this State. See an ordinance passed by the board of aldermen, May 7, 1839, entitled "an ordinace to suppress riots, routs, and unlawful assemblies ;" also, the charter of the City of Jefferson, passed at the session of 1839-40, page 307, § 7, 12.

The fourth section of the ordinance vests in the mayor, any alderman, or justice of the peace, of the city, the jurisdiction claimed in this case. The seventh section of the act of incorporation provides that, "The aldermen shall be ex-officio conservators of the peace throughout the city, and shall within the same, have all the powers and jurisdiction vested in justices of the peace in matters of a criminal nature, and shall exercise and perform all powers and duties which may be vested in, or required of them by ordinance." The powers and jurisdiction of justices of the peace, referred to in the foregoing section, must mean those conferred by the general law of the land, and not such as might be given by ordinance. This is obvious, for no new or enlarged power had been conferred on the justices of the peace residing within the corporate limits, by the act of incorporation, nor any authority conferred on the mayor and board of aldermen to enlarge their jurisdiction. What jurisdiction then, under the general law, have justices of the peace over the offence charged against the defendants? An answer to this question will determine the jurisdiction of the mayor and board of aldermen; for, by the same act, the same jurisdiction, and no other, is given to them.

Riots, routs and unlawful assemblies are, by the 7th section of the act

concerning crimes and punishments, R. C. 202, made indictable, and are punished by fine and imprisonment in the county jail. However, the doctrine may be settled, as to the power of the general assembly to prescribe a summary mode of punishment, for offences likewise made indictable, is not now important to inquire, as there is no pretext that any such provision in reference to this offence exists on the statute book. It is manifest, then, that justices of the peace have not jurisdiction to try and punish this class of offences.

But it is contended that the 12th section of the act of incorporation, which enumerates the powers and jurisdiction of the mayor and board of aldermen, confers the power of enacting the ordinance in question. After a minute and specific enumeration of powers conferred, we find the general one, "To regulate the police of the city;" and for a definition thereof, we are referred to Webster's Dictionary, and Tomlin's Law Dictionary, title, Police. Whatever may be the definition of the word in its most enlarged, and comprehensive sense, we are not disposed to give it that universal signification on the present occasion. Such a construction would abridge the rights secured to the citizen by the constitution; it would confer on the corporate authorities legislative powers, co-extensive with those given to the general assembly of the State. If under this general, undefined, and undefinable power, "to regulate the police of the city," the corporate authority can punish summarily, for the offence here charged, by what rule can their power be limited to punish offenders for grand larceny, manslaughter, murder, or any other felony? Neither is there any necessity for giving to the corporation any such power; for by reference to the 12th section, it will be seen that the enumeration of powers therein named, embraces every object which by possibility may conduce to the interest of the city to regulate, without encroaching upon the province of the legislature, or abridging the rights of the citizens.

The circuit court committed no error in dismissing the case, and Judge NAPTON concurring herein, the judgment of the circuit court is affirmed.

SCOTT, J., dissents.