The State, Appellant, v. Cowan, Respondent.

1. The general assembly has power under the constitution to create munici-
pal corporations and to confer upon them the authority to pass police regu-
lations and to punish persons for their violation.

2. If a municipal corporation created by the law of this state should take cog-
nizance of an act made an offence by its ordinances and punish it, the per-
son thus punished can not be subjected again, under the general law of the
state, to punishment for the same act or offence.

3. The general assembly has power under the constitution to enact that, for
offences of the grade of misdemeanors, persons may be proceeded against
criminally either by indictment or by information.

4. Although by the general law of the state persons charged with certain
offences of the grade of misdemeanors must be proceeded against criminally
by indictment, yet the general assembly may grant to municipal corpora-
tions the power to ordain that persons charged with such offences may be
proceeded against criminally by information. The general state law and
the municipal ordinance may have a concurrent operation.

### Appeal from Polk Circuit Court.

This was an indictment founded upon the fifty-fourth sec-
tion of the eighth article of the act concerning crimes and
punishments. The sixth and seventh sections of the act
incorporating the town of Bolivar are as follows: "Sec. 6.
The board of trustees shall have power to pass by-laws and
ordinances, to open and form public squares, avenues, drains
and sewers, and to keep the same clean and in order; to
provide for the general health of its inhabitants; to restrain
and prohibit dram-shops, tippling houses, gambling and ga-
ming houses, bawdy houses and houses of ill-fame, and other
disorderly houses, within the limits of said town; to tax and
license circus shows, theatricals and other amusements; to
restrain and prevent the meeting of slaves; to establish
night watches and patrols; to prevent the firing of fire-arms
and other explosive compounds, and to prohibit furious and
other unnecessary riding of any horse or other animal in said
town, or such part thereof as they may think proper; to im-
pose fines and appropriate fines, forfeitures and penalties for
breach of their ordinances, for the regulation of the police

of said town as they shall deem necessary, not repugnant or contrary to the laws of the land. Sec. 7. The trustees shall have power to pass all ordinances which may be necessary to carry any provision of this act into effect, and also to pass any ordinance usual or necessary for the well-being of the town." (Sess. Acts, 1855, Adj. Sess. p. 286.)

The following is the ordinance set forth in the plea in bar: "Ordinance 14. Be it ordained by the board of trustees of the town of Bolivar, If any person or persons shall ride fu-furiously through the streets, alleys, or .around the public square, by galloping or running any horse or other animal, or shall drive any vehicle in a furious or unbecoming manner within the limits of the town of Bolivar, shall be deemed guilty of a violation of this ordinance, and such person or persons shall be fined in a sum of not less than two nor more than five dollars, or be imprisoned not more than five days, or by both such fine and imprisonment, together with costs for each offence."

*Knott*, (attorney general,) for the State:

I. This cause was submitted to the court upon a brief filed in behalf of the State at a former term by Attorney General Ewing, in which it was contended that the demurrer was improperly overruled; that the plea in bar was defective; that it did not show that the town authorities had jurisdiction; that no affidavit charging an offence, nor any judgment or proceedings of the justice are set out in the plea; no organization of the town authorities is averred. The powers conferred by the act of incorporation in relation to police are subordinate to the power of the legislature over the same subject, and that power has been exercised. The act of incorporation confers no exclusive jurisdiction on the town authorities over the offence for which defendant was indicted. (Sess. Acts, 1855, Adj. Sess. 286 ; Harmon v. State, 11 Mo. 527 , St. Louis v. Bentz, 11 Mo. 61 ; Baldwin v. Green, 10 Mo. 410 ; City of St. Louis v. Cafferatta, 24 Mo. 96 ; 8 Ala. 516 ; 6 Ala. 902 ; 1 Wend. 261 ; 12 B. Monr. 25 ; 14 Ala. 403.)

State v. Cowan.

SCOTT, Judge, delivered the opinion of the court.

In the year 1855 the town of Bolivar, in Polk county, was incorporated among others, with the power to regulate its police. In pursuance to this authority the town prohibited, by an ordinance, furious riding through the streets, alleys, or around the public square, under a penalty of not less than two, nor more than five dollars, or imprisonment for not more than three days, or by both such fine and imprisonment. The defendant Cowan violated this ordinance, and was fined five dollars therefor, which he paid and was discharged. He was afterwards indicted by the grand jury of Polk county for the same act under the law of the state prohibiting the running of horses at great speed upon the public roads and highways. To this indictment he pleaded in abatement his former conviction under the ordinance above mentioned. To this plea there was a demurrer, and the demurrer being overruled, the State appealed.

We do not see how any question can arise in this case as to the jurisdiction of the corporate authorities over this offence, if it is competent to the legislature to create municipal corporations and to confer on them the power by ordinance to regulate their police. Surely the right to exercise such a power can not be seriously questioned. If this corporation thus established by law takes cognizance of an act made an offence by its ordinances, and punishes it, the person thus punished can not be subjected to punishment again for the same act or offence. The constitution forbids that a person shall be twice punished for the same offence. To hold that a party can be prosecuted for an act under the state laws after he has been punished for the same act by the municipal corporation within whose limits the act was done, would be to overthrow the power of the general assembly to create corporations to aid in the management of the affairs of the state. For a power in the state to punish, after a punishment had been inflicted by the corporate authorities, could only find a support in the assumption that all the proceed-

ings on the part of the corporation were null and void. The circumstance that the municipal authorities have not exclusive jurisdiction over the acts which constitute offences within their limits does not affect the question. It is enough that their jurisdiction is not excluded. If it exists, although it may be concurrent, if it is exercised it is valid and binding, so long as it is a constitutional principle, that no man may be punished twice for the same offence.

The exercise of concurrent legislative and judicial powers over the same subjects within the same limits may sometimes lead to conflicts and embarrassments; but there is more safety to the community in two conservators of the peace than in one. Besides, there are so many municipal corporations whose powers of government are so feebly executed that it would be unsafe to confide to them exclusive powers of making and executing laws within their limits on the subjects within their jurisdiction. This, however, is a matter within the control of the general assembly, and may be regulated according to the exigencies of the various municipalities in the state. (State v. Simonds, 3 Mo. 413; State v. Payne, 4 Mo. 376; Baldwin v. Greene, 10 Mo. 410; Harrison v. The State, 9 Mo. 526.) There is nothing in the case of the City of St. Louis v. Cafferatta, 24 Mo. 94, which conflicts with the views above expressed, but, on the contrary, the tone of the opinion there given is in strict harmony with them. Nor is there any intimation or expression in that opinion from which it may be inferred that a person, punished under an ordinance for an offence, may for the same offence be punished in the state courts. There was no such point made, nor did the facts warrant any expression of opinion in relation to it. That case merely decided that a certain ordinance of the city was not repugnant to a general law of the state.

It may be argued that the ordinance in this case is repugnant to that provision in the bill of rights which declares that no person can, for an indictable offence, be proceeded against criminally by information, except in cases arising in

22—VOL. XXIX.

the land or naval forces, or in the militia when in actual service in time of war or public danger, or by leave of the court, for oppression or misdemeanor in office ; that the offence prohibited by the ordinance is indictable under the statute laws of this state ; and that the legislature could not authorize a municipal corporation to punish it on information, but only by indictment, otherwise the constitutional provision might be evaded. If an offence, which by the statute law is punished in such a way, or is of such a grade, that the offender can not be proceeded against but by indictment, is made by a municipal corporation punishable in a manner, or reduced to a grade, that, under the constitution, the offender might be prosecuted on information, then he has no cause of complaint against the ordinance under which he is tried. It is a question for the state, and affects her alone, how far she will permit municipal corporations, by their ordinances, to mitigate the punishments which she inflicts by her general laws ; but if she will allow it, there can be no valid objection against such a course on the part of the offender, as the punishment, which he undergoes at the hands of the municipal body, exempts him from prosecution under the state laws. In such a case the offender is in no worse situation than if there was no state law in force on the subject. Suffering only such a punishment and in such a way as may be imposed by the constitution, he is not affected by the existence of the state law, whose operation is suspended as to him by the punishment which he undergoes by virtue of the ordinance of the municipal body. If, then, as we have before endeavored to show, the corporation may substitute its ordinances for the law of the state, and if the state can constitutionally make the offence punishable by information, there can be no force in this objection founded on the constitution, as the offence is not an indictable one under the ordinance.

The meaning of the words " indictable offence" in the clause of the constitution above cited was a long time a subject of discussion in this state. But the case of the

State v. Ledford, 3 Mo. 73, which has been long acquiesced in, must be considered as having settled the doctrine that, as to misdemeanors, the general assembly may make them punishable either by indictment or information. This is the obvious result of that case, and though the reason given may not be satisfactory, yet there are both reason and the opinion of others in support of it. The point was not made in the above cited cases of the State v. Simonds and the State v. Payne, but they can only be sustained on the assumption that it was competent to the legislature, through the instrumentality of municipal bodies, to make misdemeanors punishable by information. One reason in support of this construction is, that the clause itself allows misdemeanors of a high grade and severely punished, and which were indictable by the common law, though also punishable on information, to be prosecuted on an information. If misdemeanors of a high grade can be punished under an information, there is no reason why those of a minor grade and less severely punished should not be punished in the same way. Misdemeanors might, by the old common law, which was always a favorite of the people, be punished by way of information, while Magna Charta forbade that felonies should be prosecuted in any other manner than by indictment or presentment. (Story on the Constitution, secs. 1784, 1786 ; 4 Black. 409.) There is a provision in the bill of rights of the state of Tennessee, which declares that no one shall be put to answer any criminal charge except by presentment or indictment. There it was held, that these words did not prohibit the legislature from dispensing with those modes of prosecution in cases of misdemeanors. This conclusion was arrived at by examination of the principles of the old common law in relation to the prosecution of offenders. (Maginnis v. The State, 9 Hump. 43.) A careful perusal of the case of Jefferson City v. Coatmere, 9 Mo. 683, will satisfy any one that it was not decided on a ground which conflicts with this opinion. The foundation of the judgment was, that there was no authority conferred by the

charter on the city to pass the ordinance under which Coatmere was convicted. Had there been such authority, we must come to the conclusion that the judgment of the court would have been otherwise.

Judgment affirmed; Judge Napton concurring; Judge Ewing not sitting, having been counsel for the State.