CITY OF INDEPENDENCE, Appellant, v. LAMBERT MOORE, Respondent.

*Corporation, Municipal.*—The City of Independence has, by virtue of its charter, authority to provide by ordinance for the punishment of offences against the peace of the city, and for the offence of attempting to rescue a prisoner from the custody of its officers. (Acts, 1853, p. 64.)

*Appeal from the Probate and Common Pleas Court of Jackson County.*

*Comingo,* for appellant.

I. Appellant contends that the offence with which appellee is charged is not "infamous," which can only be punished on presentment or indictment; (Cons. U. S., art. 5, Amendments;) but may be punished in a summary manner, if the legislature so directs. The 14th sec. of art. 13, of Constitution of Missouri, has direct reference to the general laws of the State, and comes within the principles in the case of The State v. Ledford, (2 Mo., t. p. 75,) which decides that while an offence is indictable, as were breaches of the peace by the laws of 1825, it could not be punished in a summary manner, as was sometimes done under the law of 1825, until the decision of the case of The State v. Stein, (2 Mo., t. p. 56.)

II. Appellant had implied, if not express power in her charter, to pass this ordinance on the subject of resisting officers. (Session Acts 1853, p. 64.) Section 11th of that act gives the city power, by ordinance,. "to prevent riots and disturbances of the citizens;" "to regulate the police of the city;" "to pass all ordinances that may become necessary to carry any provision of this charter into effect; and, also, to pass any ordinance usual or necessary for the well-being of the inhabitants, as granted to any. other incorporated city in this State." (City of St. Louis v. Bentz, 11 Mo. 61.)

The ordinance under which said Moore was arrested is not unconstitutional nor inconsistent with the laws of the land; therefore, courts should carry it into effect.

In the case of The City of St. Louis v. Cafferata (24 Mo 94), the defendant was guilty of an indictable offence under sec. 34 and 35 of art. 8 of "Crimes and Punishments," (R. C. 1845, p. 405,) and yet the city of St. Louis has the power to punish by ordinance the same offence, although her power to do so under charter is *implied.*

III. Said Moore is not amenable to the laws of the State for resisting, or rescuing a person from, the night watch of

Independence, because said night watch were not acting as "ministerial officers" within the intendment of sec. 19 and 31, R. C. 1855, pp. 603, 605.

*John W. Henry*, for respondent.

I. The offence for which the defendant was prosecuted by the City of Independence, before her mayor, was an indictable offence ; and,

II. The legislature has not given, and, without enacting that the offence should no longer be indictable, could not give to the City of Independence power to pass the ordinance under which the defendant was prosecuted.

In support of the first proposition, he relies upon the 19th, 26th and 31st sections of the 5th article of the act concerning " Crimes and Punishments." The night watch are ministerial officers; so that the defendant's offence is embraced by the 19th section ; and, whether ministerial officers or not, they were persons " who had the lawful charge of the prisoner," and the defendant might have been indicted under the 26th and 31st sections.

To sustain the second proposition, he relies upon the 14th sec. of the 13th art. of the Constitution of Missouri, which provides that "no person can, for any indictable offence, be proceeded against, criminally, by information, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger, or by leave of the court for oppression or misdemeanor in office."

An information is defined to be "a declaration, or statement, without being made on the oath of the grand jury, whereby a person is charged with the breach of some public law, or penal statute." (State v. Ledford, 3 Mo. 77.)

In the case of the State of Missouri v. Stein, (2 Mo. 56,) it was decided that the act of the 19th February, 1825, giving justices of the peace jurisdiction of assaults and batteries was unconstitutional and void, because, in the opinion of the court, in conflict with the 5th art. of the amendments to the Federal Constitution, providing that "no person shall be

deprived of life, liberty, or property, without due process of law;" and to the 9th sec. of the 13th art. of our State Constitution, providing that "the accused cannot be deprived of life, liberty, or property, but by the judgment of his peers, or the law of the land;" and that the words "by the judgment of his peers," or "the law of the land," meant by indictment or presentment of a grand jury. (State v. Ledford, 3 Mo. 75. See, also, Jefferson City v. Courtmire, 9 Mo. 692; City of St. Louis v. Bentz, 11 Mo. 61; City of St. Louis v. Cafferatta, 24 Mo. 94; State v. Spear, 6 Mo. 644.)

BAY, Judge, delivered the opinion of the court.

The complaint in this case charges the defendant with attempting to rescue one John Pansa from the custody of the marshal of the city of Independence, acting as night watch, and was framed under an ordinance of said city, which reads as follows:

"When any person shall be under arrest, or in the custody of the marshal or any of the city watch, or when the marshal or any of the city watch shall be endeavoring to arrest any person by virtue of any warrant or authority vested by law, if any person shall interpose to rescue such person from the custody of said officers, or to prevent such officers, or either of them, from apprehending or arresting such person, the person so interposing shall be punished by a fine of not less than twenty-five nor more than one hundred dollars, or by imprisonment in the city prison for a period not less than one nor more than six months, or by both such fine and imprisonment."

The defendant was convicted, and fined in the sum of twenty-five dollars; whereupon he took an appeal to the Probate and Common Pleas Court of Jackson county, where, on his motion, the complaint was dismissed, upon the ground that the board of councilmen of said city had no power to pass the ordinance in question. The 11th section of the charter of said city provides, among other things, that the mayor and board of councilmen shall have power, by ordi-

nance, " to prevent riots and disturbances of the citizens ; to regulate the police of the city, and to impose fines, forfeitures and penalties for the breach of any ordinance," and to pass any ordinance usual or necessary for the well-being of the inhabitants, as granted to every other incorporated city in this State.

That the ordinance recited comes within the scope of the power thus conferred by charter, admits of no doubt whatever. It is not only a necessary but indispensable power for every municipal corporation, for, without it, the corporation would be powerless to preserve peace and good order within its limits. The objection, founded upon the supposed unconstitutionality of the ordinance, is, in our judgment, without any force.

As the court below committed error in dismissing the complaint, its judgment will be reversed and the cause remanded ; the other judges concurring.