———o———

STATE OF MISSOURI, Respondent, *vs.* DAVID HARPER, Appellant.

1. *Liquors, selling of—License by city council does not relieve from obligation to pay county license.*—When a town or city charter does not exclude the right of the County Court to demand a license, a license from the city or town will not relieve from the obligation to obtain one from the county.

*Appeal from Jasper Circuit Court.*

*B. F. Garrison,* for Appellant.

*Attorney General,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant in this case was indicted for selling liquor without a license, and he justified by pleading a license from

the city of Carthage, which he insisted exempted him from procuring a State and county license. The clause in the city charter relied on, gives the city council power "to tax, restrain, prohibit, and suppress dram shops." The ordinance read in evidence provides for a tax on licenses, but there was no attempt made to either restrain or prohibit. Upon these facts, the court found the defendant guilty, and assessed a fine against him.

Unless there be something in the language of the city charter to give it the exclusive right to tax or license, such exclusive power will not be presumed. The powers conferred on municipalities are subordinate to the powers of the legislature over the same subject, and the latter will never be presumed to have abdicated their rights to exercise these powers unless it is plainly so stated, or there is a necessary inconsistency between the different enactments.

A municipal corporation is a mere agency of the State government, and there is nothing inconsistent in the exercise of the concurrent power of taxation by both.

In the present case the power vested in the city to tax does not prohibit the State and county from taxing also. The point has been repeatedly adjudged, that where a town or city charter contains nothing which excludes the right of the County Court to demand a license, a person will not be protected from indictment by showing that he has a license for his act from the municipal authority; he must show in addition, that he has obtained one from the County Court. (State vs. Sherman, 50 Mo., 265; Austin vs. State, 10 Mo., 595; Harrison vs. State, 9 Mo., 526.)

Judgment affirmed; the other judges concur, except judge Vories, who is absent.