STATE OF MISSOURI, Respondent, vs. ANNIE E. WISTER, Appellant.

1. *Practice, criminal—Keeping bawdy house—Indictment—Time.*—In an indictment for keeping a bawdy house, it is not necessary to specify any time. (Wagn. Stat., 1090, § 27.)

2. *Chillicothe, City of—Charter—Offenses—Bawdy houses—Exclusive jurisdiction.*—The municipal authorities of the city of Chillicothe have not exclusive jurisdiction in proceedings against the keepers of bawdy houses. (Sess. Acts 1869, p. 102, § 9.)

3. *Practice, criminal—Autre fois convict, plea of—Allegations and proof.*—A plea of *autre fois* convict must allege, and the evidence must show, that the offense, for which the defendant was convicted, is identical with that charged in the indictment.

*Appeal from Livingston Circuit Court.*

*John E. Wait,* for Appellant.

I. The city court had full and exclusive jurisdiction of the offense, and the circuit court could take no cognizance of it whatever, except upon appeal. (Sess. Acts 1869, pp. 104, 105, 106, § 2, sub-divisions 25, 11, 9; Id., 102, §§ 9, 11; Ordinances of City of Chillicothe, 65, §§ 7, 9; State vs. Gordon, 60 Mo., 383; State vs. Clarke, 54 Mo., 17, and cas. cit.) "Particular attention is to be considered in the nature of an exception." (State vs. Binder, 38 Mo., 450; State vs. Macon Co. Court, 41 Mo., 453; 47 Mo., 146; Cool. Con. Lim., 198, n. 3; Dill. Mun. Cor., § 54; Bishop Cr. Law, § 58, n. 3.)

II. The judgment in the recorder's court was, that the defendant was guilty of keeping a bawdy house, with no qualifications as to time, and this would cover the entire time up to the time of the trial (Wagn. Stat., 913, § 3), and the defendant could not be tried again for committing the offense during that time. The whole time was covered by the judgment in the recorder's court.

*John A. Hockaday, Att'y Gen'l,* for Respondent.

I. The indictment states sufficient facts. It covers the offense of the statute. (Wagn. Stat., 502, art. 8, § 19.)

II. It is not necessary to state any time, where time is not of the essence of the offense. (Wagn. Stat., 1090, § 27; 26 Mo., 306; State vs. Wilcoxen, 38 Mo., 370.)

III. Art. 3, sec. 9, of the city charter of Chillicothe, did not repeal the general laws of the State. (12 B. Mon., 25; St. Louis vs. Bentz, 11 Mo., 62; 29 Mo., 330.)

SHERWOOD, Judge, delivered the opinion of the court.

The defendant was indicted and convicted of the offense of keeping a bawdy house. The indictment is in accordance with the common law forms, contains the substance of the statutory offense, and is well enough. It is true, that no time is specified in the indictment, nor was this necessary; time was not of the "essence of the offense." (Wagn. Stat., 1090, § 27; State v. Wilcoxen, 38 Mo. 370.) The judgment against the defendant finds that the offense charged was committed on the first day of January, 1875. On the 2nd of February, 1875, prior to her arrest under the indictment, the defendant was arrested and fined by the city authorities of Chillicothe for keeping a bawdy house. At the trial the defendant put in a plea to the jurisdiction and also of *autrefois convict*. The plea to the jurisdiction was properly held as constituting no bar to the prosecution by the State. The charter of the city of Chillicothe does not confer exclusive jurisdiction on the municipal authorities of that city over the class of offenses charged in the indictment, and if the charter does not bestow such exclusive cognizance, as a matter of course it can have no existence. (State vs. Harper, 58 Mo., 531.) Because the city recorder, by virtue of the provisions of § 9, art. 3 of the charter (Sess. Acts 1869, p. 103), is invested with "exclusive jurisdiction over all cases arising under any ordinance of the city," it by no means follows that the position taken by defendant's counsel is correct. And this case is totally unlike that of the The State vs. Gordon, (60 Mo., 383), for there, by the terms of the charter, exclusive jurisdiction in a certain class of misdemeanors was conferred on the city council of Liberty. Here it is otherwise. The plea, conviction, was bad

on its face. It did not allege that the offense, of which the defendant was convicted before the city recorder, was identical with that charged in the indictment, nor did the evidence adduced have the slightest tendency in that direction. Both these points are essential as matters of pleading and proof in proceedings of a criminal nature. (3 Greenlf. Ev., § 36, and cases cited.) For these reasons there was no error in the action of the court below, and its judgment is affirmed. Judge Vories absent; the other judges concur.

————o————

