CITY OF KANSAS, *Appellant*, v. CLARK.

1. **Appeal.** When the record shows nothing to the contrary, it will be presumed that an appeal from an inferior court was taken within the time allowed by law.

2. **City Ordinance:** EFFECT OF REPEAL ON PENDING PROSECUTION. The repeal of an ordinance pending a prosecution under it operates to release the defendant, unless it is otherwise provided in the repealing ordinance.

3. **Kansas City Charter:** APPEAL. The City of Kansas has the right of appeal from a judgment of acquittal in a prosecution under an ordinance of the city against gaming. (See Acts 1875, p. 262, § 10.) HOUGH and NAPTON, JJ., dissenting.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

*Wash Adams* for appellant.

*Chase & King* for respondent.

SHERWOOD, C. J.—The defendant, prosecuted under an ordinance for keeping a gaming table contrary thereto, was convicted before the recorder, and appealed to the criminal court, where the defendant being acquitted, the city has appealed.

I.  The transcript from the recorder shows the arrest and conviction, on the 30th day of September, 1874, and

then a few lines below, the granting of an appeal. We will presume, therefore, that the appeal was taken on the day of the arrest and conviction, since it apparently was granted on that day, and since, also, we may well presume that the recorder would not grant an appeal unless applied for before the expiration of ten days. The motion of the city to dismiss the appeal taken to the criminal court, because not taken within that time, was properly overruled.

II. The provisions of 2 Wag. Stat., sec. 7 of art. 4, p. 895, relative to the effect of the repeal of statutory provisions, has no application to the present case, the present prosecution being founded, not on a statute, but on a city ordinance, there being an essential difference between the two. If, however, the ordinance which counsel for the city refers to in his brief as being of a similar nature to the statute above mentioned, were contained as stated in the bill of exceptions, this would be no doubt sufficient, because the same power which could enact ordinances could also provide that the repeal of them should not affect any pending prosecution; but no such ordinance as that counsel refers to can be found in the record, having, doubtless, been omitted therefrom through inadvertence. In the absence, therefore, of such an ordinance, we must sanction the action of the court in holding that the repeal of the ordinance whereon the prosecution was bottomed abated that prosecution, and in giving on that ground the declaration in the nature of a demurrer to the evidence.

III. The only question remaining is, as to the city's right of appeal from a judgment of acquittal. Our statute, 2 Wag. Stat., §§ 13, 14, p. 1114, has no bearing on this question, as those sections relate only to appeals by the State. Nor do we regard the violation of the ordinance under consideration as a *crime*, since " a crime     *     * is an act committed in violation of *a public law;*" 4 Black. Com., 5; a law co-extensive with the boundaries of the State which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance, passed in pur-

suance of, and in subordination to, the general or public law, for the promotion and preservation of peace and good order in a particular locality, and enforced by the collection of a pecuniary penalty. *Williams v. City Council of Augusta*, 4 Ga. 509. In the *City of Goshen v. Croxton*, 34 Ind. 239, it was held that though a suit before the mayor to recover a penalty for violation of a city ordinance was instituted by the issuance of a warrant and the arrest of the defendant, yet that such a procedure was but a *civil suit.* In *Baldwin v. City of Chicago*, 68 Ill. 418, it was held that a proceeding by the city for a violation of its charter was *civil* in form and only *quasi criminal* in character, and that the city under a charter provision allowing appeals and changes of venue from police justices in *all cases* was as much entitled as any other suitor to an appeal, although not expressly named in such provision. Here, however, the charter of plaintiff gives direct recognition to the right of the city to appeal "in any judicial proceeding." Laws 1875, p. 262, § 10.

Holding these views, we should reverse the judgment and remand the cause, but for the fact that the ordinance whereon this prosecution was based, was repealed, and no ordinance has been preserved in the bill of exceptions authorizing the prosecution of actions for penalties which accrued to the city prior to the repeal of the ordinance which had been violated. Judgment affirmed. All concur, except NAPTON and HOUGH, JJ., who dissent.

AFFIRMED.

HOUGH, J., DISSENTING.—The City of Kansas is authorized by its charter to pass ordinances for the suppression of gaming and gambling houses, and to punish violations thereof by fine and imprisonment. Acts of 1875, 204, 207, art. 3, § 1. Where an offense, which is declared to be a crime by the laws of the State and punishable thereunder, is also made punishable under the charter and ordinances of the city, a conviction, or acquittal, of such

offense by a municipal corporation court, is a bar to a prosecution for the same offense in the State courts. *State v. Simonds*, 3 Mo. 413; *State v. Cowan*, 29 Mo. 330; *State v. Thornton*, 37 Mo. 360. It would seem, therefore, that a prosecution for gambling, in the corporation court, upon an information filed by the city attorney, should be regarded as a criminal prosecution. In the case of the *State v. Gordon*, 60 Mo. 383, it was held, that exclusive jurisdiction was conferred upon the city of Liberty by its charter to punish certain crimes committed within its corporate limits. It could not certainly be seriously contended that proceedings instituted by the city for that purpose were not criminal proceedings, and surely the fact that the jurisdiction is concurrent instead of exclusive, can make no difference in the nature of the proceedings. The Legislature declares the crime and the city is authorized to punish it. In such cases the city simply exercises a delegated authority; it acts for, and in lieu of, the State, and is, therefore, entitled to appeal in those cases only in which the State would have a right of appeal, if the prosecution were conducted in its name. *Vide*, also, sections 2 and 3 of the act establishing the criminal court of Jackson county, acts 1871, p. 110. Section 10, art. 13 of the city charter, (Acts 1875, p. 262,) does not give to the city a right of appeal in any case. NAPTON, J., concurs.