THE CITY OF KANSAS, *Appellant*, v. FLANAGAN.

City Attorney: POWERS CANNOT BE DELEGATED, WHEN. The charter of the City of Kansas provided that "a warrant shall issue in favor of the city    *    *    for a violation of any ordinance    *    * when any person shall make oath or affirmation that such a violation has been committed, or upon information by the city attorney." Neither the charter nor any ordinance of the city authorized the appointment of a deputy city attorney; *Held*, 1st, that the power

· thus provided for must be exercised by the city attorney in person, and could not be delegated to a deputy; 2nd, that a complaint made by a deputy could not afterwards be adopted by the city attorney as his own.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

*Wash Adams* for appellant.

An officer at common law may execute his office by deputy. *Midhurst v. Waite,* 3 Burr. 1259 ; *Phelps v. Winchcomb,* 3 Bulst. 77; 2 Black. Com., 37: *Page v. Hardin,* 8 B. Mon. 662; *State v. Gonzales,* 26 Texas 197; *Commonwealth v. Arnold,* 3 Litt. (Ky.) 316; *New Albany, &c., R. R. Co. v. Grooms,* 9 Ind. 243; *Sergeant v. George,* 5 Litt. (Ky.) 198.

*Chase & King* for respondent.

HOUGH, J.—The defendant was convicted before the recorder of the City of Kansas for selling liquor without license in violation of an ordinance of said city. The information upon which the defendant was tried was signed "Wash Adams, city attorney, pr. W." On appeal to the criminal court of Jackson county, the information was dismissed on the ground that it was not preferred by the city attorney in person, but by B. L. Woodson, who, during the temporary absence of the city attorney, performed his duties at his request. The city charter provides that "a warrant shall issue in all cases in favor of the City of Kansas for a violation of any ordinance, by-law or other regulations, when any person shall make oath or affirmation that such a violation has been committed, or upon information by the city attorney." Acts 1875, p. 262, § 6. There is no provision in the charter, nor is there any ordinance authorizing the appointment of a deputy city attorney. The charter is explicit, that unless an information be filed by the city attorney, complaint must be made

upon oath or affirmation, before a warrant can issue. The city attorney acts as such under his official oath, and he is not required, like a private person, to make oath to every complaint filed by him. It is wholly immaterial how prudently and conscientiously a private person, selected by the city attorney, might exercise the authority conferred upon that officer by the charter, as the manifest purpose of the law is, that when the power conferred to prefer complaints is not exercised by the city attorney himself, such complaints shall, in all cases, be preferred upon oath or affirmation. The authorities cited to show that at common law an officer has a right to execute his office by deputy, are inapplicable to the case at bar. Conceding that the city attorney might be represented by deputy in the trial of causes before the recorder and in the criminal court, still the language of the charter precludes the idea that an unsworn deputy may, either in his own name or in that of his principal, lodge an information without oath or affirmation. And there is no warrant under the charter for administering any oath of office to a deputy city attorney, for there is no such officer.

In the criminal court the city attorney proposed to adopt and ratify the complaint as his own. No legal complaint having been preferred against the defendant, and the warrant for his arrest having, therefore, issued without authority of law, the case was properly dismissed. The judgment is affirmed. All concur.

AFFIRMED.