Ex Parte Hollwedell.

## Ex Parte Hollwedell.

1. **St. Louis: PROSECUTIONS FOR VIOLATION OF ORDINANCES.** The city
   of St. Louis has power to enforce its ordinances by proceedings in
   its own name for the recovery of fines imposed, and in case of non-
   payment, by imprisonment. The constitutional prohibition against
   imprisonment for debt does not apply to fines. See *post,* p. 404.

2. **City Ordinances: PROSECUTIONS FOR VIOLATION.** The violation of
   a city ordinance is not a criminal offense within the meaning of the
   Constitution, (Const. of 1875, art. 2, § 12;) and the proceeding to
   recover a fine for such violation, therefore, is not necessarily by in-
   dictment or information in the name of the State.

3. ————, CONSTRUCTION OF. A city ordinance required that in certain
   cases the trial of the offender before the police justice should be
   had upon the written report of the chief of police. *Held,* that such
   ordinance did not require such report to be signed by the chief of
   police.

4. ————, VIOLATION OF: HABEAS CORPUS: JUDGMENT. In a *habeas
   corpus* proceeding to obtain the discharge of a prisoner in custody
   by virtue of an execution issued upon the judgment of a court of
   competent jurisdiction, it appeared from the record of the case, in-
   corporated in the return to the writ, that the report of the chief of
   police, upon which the prisoner was tried, was signed by that offi-
   cer; *Held,* that in that particular the record must be taken as true
   for the purposes of the case.

*Habeas Corpus.*

WRIT DENIED.

*David Murphy* and *Charles T. Noland* for petitioner.

The offense charged is an offense against the laws of the State. The proceeding to enforce the penalty for such offense must be criminal, and conform to the requirements of the constitution and laws of the State. *Gilmore v. Dawson*, 64 Mo. 310 ; Const. of Mo., art. 6, § 38, art. 1, §§ 12, 16, 30, 31 ; *City v. Fitz*, 53 Mo. 588. The only action authorized by the charter and ordinances is, in form and nature, a civil action for a debt, hence there can be no judgment authorizing imprisonment or compulsory labor. The prisoner is entitled to his discharge. City Charter, art. 3, § 26, chap. 10; Rev. City Ord., chap. 30, § 19, art. 1; 69 Mo. 23; *Missouri City v. Hutchinson*, 71 Mo. 46; *Thomson v Boonville*, 61 Mo. 283 ; *St. Louis v. Foster*, 52 Mo. 514 ; *State v. DeBar*, 58 Mo. 397 ; Hurd on Habeas Corpus, 361.

*Leverett Bell* contra.

The city of St. Louis was empowered to enforce its ordinances in the form adopted in this case. 69 Mo. 289; *State v. Cowan*, 29 Mo. 330. The infractions of city ordinances are in no sense crimes. *St. Louis v. Smith*, 10 Mo. 438; 68 Mo. 588; 1 Dillon Munic. Corp., (3 Ed.) § 432; *Williams v. Augusta*, 4 Ga. 509 ; 42 Pa. St. 89 ; 74 N. Y. 406 ; 34 Iowa 524. If the report be presented by the chief of police, it is his act, although the instrument is not signed by him. The signature is an unnecessary formality. Extrinsic evidence cannot now be received to show that his name was affixed to the report by some other person. *Ex parte Kaufman*, 73 Mo. 588; 11 Mo. 661 ; 44 Mo. 181 ; 47 Mo. 134 ; *Ex parte Edginton*, 10 Nev. 215 ; *Platt v. Harrison*, 6 Iowa 79.

NORTON, J.—This is a proceeding under the *habeas corpus* act, in which petitioner alleges that he is illegally

restrained of his liberty by William Kunz, keeper of the work-house in the city of St. Louis. In his return to the writ said Kunz answered that he held the petitioner in custody by virtue of an execution issued by the clerk of the first district police court of the city of St. Louis, in words as follows:

" State of Missouri, to the Marshal of the city of St. Louis. —Greeting:

" Whereas, on the 21st day of June, 1881, the city of St. Louis hath obtained judgment before the police justice of the first district police court of the city of St. Louis, against August Hollwedell, for a violation of an ordinance of said city, for the sum of $100, together with her costs in this behalf; These are, therefore, to command you to levy the said debt and costs of the goods and chattels of said defendant, within the city of St. Louis, and expose the same for sale agreeably to law; and for want of sufficient property whereon to levy said debt and costs, you are hereby commanded to deliver the body of said defendant into the custody of the superintendent of prisoners, who will convey said body to the city work-house of the city of St. Louis, the keeper whereof is hereby commanded to receive said defendant, and said defendant safely keep until the said debt and costs shall have been paid by said defendant's labor, according to the laws of the State of Missouri and the ordinances of the city of St. Louis, or until the defendant shall be otherwise discharged by due course of law. And you are also commanded to make return of this execution within thirty days from the date of the same, with your return indorsed thereon, showing how you have executed the same. Given under my hand, this 21st day of June, 1881.

" Wm. R. Mateer, Clerk," etc.

" In obedience to the within writ of execution (no goods and chattels of the within named person being by me found in the city of St. Louis whereon to levy and

make the said debt and costs), I have delivered the body of said within named person, together with a copy of said writ of execution, to the superintendent of prisoners, on this 21st day of June, 1881.

"EMILE THOMAS,
"City Marshal of the City of St. Louis."

"Received the body of August Hollwedell, together with a copy of the within writ of execution, from the superintendent of prisoners, as in the above return stated.

"WM. KUNZ,
"Keeper of the City Work-house."

Respondent states that said execution issued upon the following judgment:

"In the First District Police court of the city of St. Louis.

"The city of St. Louis v. August Hollwedell.

"Charge: Violating city ordinance No. 11,668, chapter 25, article 1, section 2. Approved March 29th, 1881. As charged in the report of the chief of police of the city of St. Louis, herewith filed: On the 21st day of June, 1881, the chief of police of the city of St. Louis reports the arrest of the above named defendant, charging him with violating the above entitled ordinance. On the 21st day of June, 1881, the case was called, parties announced themselves ready for trial, a plea of not guilty being entered. The police justice, after having heard the testimony adduced, found the defendant to be guilty as against him alleged, and adjudged that he pay a fine to the city of St. Louis in the sum of $100, together with her costs in this behalf, and that she have execution therefor."

It is further alleged in the return that petitioner was arrested by the police force of said city on the 20th day of June, 1881, he being at the time engaged in violating an ordinance of said city, and was on the following day brought before the first district police court to answer to the report of the chief of police, which is as follows:

" Report of the Chief of Police to the Police Justice of the First District Police Court, State of Missouri, the City of St. Louis, ss.

" CITY OF ST. LOUIS, June 21st, 1881.

" August Hollwedell, to City of St. Louis, Dr.   To $500, for the violation of an ordinance of said city entitled 'An ordinance in revision of the ordinances of the city of St. Louis, and for the government of said city.'  Being ordinance number 11,668, chapter 25, article 1, section 2, approved March 29th, 1881.   In this, to-wit:   In the city of St. Louis and State of Missouri, on or about the 20th day of June, 1881, the said August Hollwedell did then and there willfully disturb the peace of others, and particularly of Louisa Brendley, by violent, tumultuous, offensive and obstreperous conduct and carriage, and by loud, unusual noises, and by unseemly, profane, obscene and offensive language, calculated to provoke a breach of the peace; and by assaulting, striking and fighting others, and particularly Louisa Brendley, contrary to the peace and dignity of the city, and the ordinance in such case made and provided.   On information of Officer Heaven, second district.

" FERD. B. KENNETT,
" Chief of Police of the City of St. Louis."

It is also alleged that petitioner was put upon his trial, which resulted in a judgment and the issuance of an execution thereon, as hereinbefore mentioned, and that in virtue thereof petitioner is held in custody for non-payment of fine.

No question is made in reference to the power of the mayor and assembly, under section 26 of article 3 of the charter of the city of St. Louis, to pass the ordinance for the violation of which petitioner was fined, nor is there any question as to their power under said section to enforce fines, penalties and forfeitures: nor is there any doubt that said section provides that

1. ST. LOUIS: prosecutions for violation of ordinances

any offender who shall neglect or refuse to pay any fine or penalty that may have been imposed shall be committed to the work-house, (the imprisonment in no case to exceed six months for any one offense;) nor that he may be required to work out said fine at fifty cents per day, exclusive of board. It is, however, claimed that, notwithstanding the above provisions, petitioner is entitled to his discharge, because, as counsel contend, he was not proceeded against in the name of the State, but was sued in the name of the city of St. Louis in a civil action, and that the recovery had was for a debt, and that, as there can be no imprisonment for debt in this State, he is, therefore, illegally held in custody. While there cannot be any imprisonment for debt in this State, imprisonment for the non-payment of a fine duly imposed is fully authorized. The constitutional provision upon that subject is as follows, and interprets itself, viz: "That imprisonment for debt shall not be allowed in this State except for the non-payment of fines and penalties imposed for a violation of law." In one sense it may be said that every fine imposed for a violation either of a law of the State or the ordinance of a municipal corporation, recovered either in a criminal proceeding by the State, or in a civil proceeding *quasi* criminal, in the name of the corporation, is a debt against the party upon whom it is imposed and who is adjudged to pay it; still it is, nevertheless, a debt for a fine, for the non-payment of which the party against whom it is adjudged may be imprisoned. The power of the city of St. Louis to enforce its ordinances and to recover fines for infraction of them in a proceeding by the city in its own name, was upheld in the case of the *City of St. Louis v. Sternberg*, 69 Mo. 289, and cases there cited.

It is also contended that the proceeding being for the recovery of a fine, is necessarily criminal, and that such

2. CITY ORDINAN-
ces: prosecutions
for violation.
fine must be recovered either by indictment or information conducted in the name of the State; and that, for the reason that the suit in this

case was prosecuted in the name of the city and without information, (further than the written report of the chief of police might be esteemed to be an information,) the police justice acquired no jurisdiction, and that the judgment rendered by him is, therefore, void. This objection is based upon section 12 of article 2 of the constitution, which provides as follows: "That no person shall for felony be proceeded against criminally otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger; in all other cases offenses shall be prosecuted criminally by indictment or information as concurrent remedies." If the violation of the ordinance for which petitioner was fined is to be regarded as a criminal offense in the sense of the constitution, there would be much plausibility in the position taken by counsel. Such offenses, however, have never in this State been regarded as criminal. In the case of the *City of Kansas v. Clark*, 68 Mo. 588, where the defendant was fined for keeping a gaming table contrary to an ordinance of said city, it was observed: " Nor do we regard the violation of the ordinance under consideration as a crime, since ' a crime is an act committed in violation of public law,' (4 Black. Com., 5,) a law co-extensive with the boundaries of the State which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance passed in pursuance of and in subordination to the general or public law for the promotion of the preservation of peace and good order in a particular locality and enforced by the collection of a pecuniary penalty." That provisions in the constitutions of other states, equally as broad and comprehensive as the one above quoted, have been held not to extend to ordinances duly enacted to secure the peace and good order of a city, will be seen by reference to the following cases: *Williams v. Augusta*, 4 Ga. 509 ; *Byers v. Comm.*, 42 Pa. St. 89 ; *People v. Justices*, 74 N. Y. 406 ; *Davenport v. Bird*, 34 Iowa 524. The right of a municipal corporation in this

26—74

State to maintain in its own name a proceeding to recover a fine for non-observance of an ordinance, has never been questioned, even though there be a general law of the State also imposing a fine for a like offense. *St. Louis v. Cafferatta*, 24 Mo. 94; *Independence v. Moore*, 32 Mo. 392; *St. Louis v. Bentz*, 11 Mo. 61; *State v. Wister*, 62 Mo. 592; *State v. Harper*, 58 Mo. 530. In the case of *Williamson v. Comm.*, 4 B. Mon. 146, where the question was whether a proceeding in the name of the City of Lexington for breach of an ordinance authorizing the imposition of a fine upon every person committing a breach of the peace within the city, was violative of a constitutional provision which declared "that no person for an indictable offense shall be proceeded against criminally by information," a breach of the peace under a law of the state being indictable, it was held that it was neither violative of that provision nor of another provision which declared "that all prosecutions shall be carried on in the name of the state," it being observed that such proceedings have been regarded as penal rather than criminal; that an indictment is a general remedy for redress of public injuries,   *   *   but in many such cases enal actions are authorized and proceedings by warrant. A proceeding in that way has never been held, and should not be, we think, as a proceeding "criminally by information," and in violation of the clause of the constitution in question.

It is also objected that the report upon which the police justice acted and upon which petitioner was tried, was

3. ——: construction of.   not signed by the chief of police, and that the police justice did not for that reason acquire jurisdiction. This objection is not well taken, first, because section 19, article 1, chapter 30 of the ordinances of said city makes no such requirement. It is as follows: Section 19. "No summons or warrant shall be issued against any person lawfully arrested by any officer or member of the city police, but in every such case a trial shall be had upon the written report of the chief of police; but

the party so arrested may require of the city attorney to file a written statement, setting forth the nature of the offense with which he is charged, and the ordinance under which the charge is brought, and for this purpose the police justice shall allow a reasonable time, not to exceed twenty-four hours."

But, conceding that under this ordinance the chief of police was required to sign the written reports, the objection made could not avail in this proceeding, because it appears from the record of the case, as incorporated in the return of respondent to the writ, that the report was signed by the chief of police, and such fact for the purposes of this case must be taken to be true, and the truth of it is not subject to collateral attack in a *habeas corpus* proceeding. *In re Truman*, 44 Mo. 181; *In re Harris*, 47 Mo. 164; *Ex parte Toney*, 11 Mo. 661. The case of *Kansas City v. Flanagan*, 69 Mo. 22, cited by counsel, does not apply, for the reason that the information showed upon its face that *it was not* made by any one authorized to make it. It appearing from the return of respondent that petitioner is held in custody by virtue of an execution issued upon a judgment of a competent court having jurisdiction of the subject matter and petitioner, the prisoner is hereby remanded to the custody of respondent, under section 2648 of Revised Statutes. All concur, HOUGH, J., in the result.

4. ——, violation of: habeas corpus: judgment.