CITY OF PILOT GROVE, Plaintiff in Error, v. FRANK McCORMICK, Defendant in Error.

Kansas City Court of Appeals, February 19, 1894.

1. Criminal Procedure: COMMENCEMENT OF PROSECUTION. The filing of a complaint before a justice of the peace is not the commencement of a criminal prosecution, but it requires the filing of an information, by the prosecuting officer.

2. ———: ———: PENDING PROSECUTION. Where two courts have jurisdiction of an offense, the one first acquiring jurisdiction has a right to try the action and the plea of the pendency of such action is good to any subsequently instituted proceeding.

3. ———: MUNICIPAL AND STATE PROSECUTION. Where a municipal corporation punishes a violation of an ordinance, which is also a violation of the criminal code of the state, the person punished cannot again be punished under the general laws of the state.

4. ———: ———: FORMER CONVICTION. A complaint was filed before the justice on the fourteenth; on the sixteenth a municipal prosecution was instituted on the same offense. On the eighteenth an information was filed before the justice and a trial and a conviction were had. *Held*, such conviction is not a good plea to the municipal prosecution, and this, too, notwithstanding section 4332, Revised Statutes, 1889.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*W. F. Johnson & J. H. Johnson* for plaintiff in error.

(1) The violation of a city ordinance is not a criminal offense within the meaning of the constitution, and the proceeding to recover a fine for such violation, therefore, is not necessarily by indictment or information in the name of the state. *Ex parte Hallowell*, 74 Mo. 395; *The City of St. Louis v. Vert*, 84 Mo. 204; *City of Kansas v. Clark*, 68 Mo. 588; *City of Marshall v. Standard*, 24 Mo. App. 192. (2) The filing of the information was the commencement of the prosecution before the justice. Until that was done there was no prosecution pending. *The State v. Powell*, 44 Mo. App. 21. (3) The affidavit of a private person is not an information. *State v. Shortell*, 93 Mo. 123; *State v. Sebecca*, 76 Mo. 55.

*W. M. Draffen* for defendant in error.

(1) Upon the filing of the affidavit the justice obtained jurisdiction over the person of the defendant. It was the duty of the justice to issue his warrant for the arrest of defendant. In this case the statute confers jurisdiction. Revised Statutes, 1889, sections 4329, 4332; *State v. Gordon,* 60 Mo. 383; *State v. Wister,* 62 Mo. Rep. 592; *Ex parte Gustav Kiburg,* 10 Mo. App. 442; *State v. Cowan,* 29 Mo. 330. (2) The filing of the affidavit was the commencement of the prosecution before the justice. This is the proper and only means of procedure in such cases. No other court had jurisdiction of the offense so long as the same remained pending and undetermined before the justice. Revised Statutes, 1889, section 4332, page 995.

SMITH, P. J.—This is a prosecution by the plaintiff city against the defendant, before the police court of that city, to recover a penalty for the violation of an ordinance thereof. There was a trial which resulted in finding the defendant guilty and from the judgment he appealed to the circuit court where there was judgment for defendant. The plaintiff brings this case here by writ of error.

The history of the case, as gleaned from the record is about this: On the sixteenth of May, 1892, the prosecuting officer of the city filed in the police court thereof, an affidavit charging defendant with the violation of an ordinance forbidding, under penalty, the carrying of concealed weapons. A warrant was issued for the arrest of the defendant which was duly executed. Afterwards, on the twenty-fifth of the same month, the defendant was tried and found guilty and fined $50,

On the fourteenth of May, 1892, a complaint was filed before a justice and a warrant was issued against defendant as provided in section 4331 and 4332, Revised Statutes. Afterwards on the eighteenth day of May, 1892, the prosecuting attorney filed before the justice an information based on the complaint charging identically the same offense as that set forth in the affidavit in the prosecution of the city against the defendant already referred to. The defendant was afterwards, on the twenty-ninth of the same month, tried and convicted on this information before the justice.

When the case at bar reached the circuit court on appeal, the defendant then moved to dismiss it on the ground that that court had no jurisdiction. It will be seen that the complaint was filed before the justice two days prior to the filing of the affidavit in the police court but that the information was not filed by the prosecuting attorney until two days later.

It seems to be conceded, all around, that both proceedings were in all respects regular and that both the police court and the justice had jurisdiction of the offense. Unless the filing of the complaint before the justice was the commencement of a prosecution against the defendant, that commenced by the city was first in point of time. The term "prosecution" as used in section 2, article 12 of the constitution of this state, has been construed to mean a prosecution instituted by some officer whose duty it is to prosecute criminal offenses. *State v. Kelm*, 79 Mo. 515; *State v. Shortell*, 93 Mo. 123; *Kansas City v. O'Conner*, 36 Mo. App. 594. It is further declared in the above cited cases that an affidavit of a private individual made under the statutory provisions already referred to, was not an information and would not support a prosecution. And in *State v. Powell* (44 Mo. App. 21), the St. Louis court of appeals

held that the filing of an information was the commencement of the prosecution, and until that was done there was no prosecution. Applying these rules to the facts of this case, it will be seen that the prosecution of the defendant was not commenced by the state until the filing of the information by the prosecuting attorney which did not take place until two days after the commencement of the prosecution by the city.

It has been many times held by the supreme court of this state that municipal corporations may, by ordinance, prohibit acts which are made misdemeanors under the general statutes of this state and for a violation of such ordinances may maintain a proceeding in their own name to impose and collect a fine. *Kansas City v. Neal*, 49 Mo. App. 72; *St. Louis v. Bentz*, 11 Mo. 61; *St. Louis v. Caffarata*, 24 Mo. 94; *State v. Cowan*, 29 Mo. 330; *Independence v. Moore*, 32 Mo. 392; *Ex parte Hollwedell*, 74 Mo. 395; *Schwetzer v. Liberty*, 82 Mo. 309; *St. Louis v. Schoenbusch*, 95 Mo. 618. And where a properly constituted court, acting under the authority of the ordinance of a municipal corporation, punishes a person for violation of that ordinance, he cannot again be punished for the same offense under the general laws of the state. *State v. Simonds*, 4 Mo. 414; *State v. Cowan*, 29 Mo. 330; *State v. Thornton*, 37 Mo. 361; *City of Kansas v. Clark*, 68 Mo. 590. And this principle accords with that of the maxim *nemo bis punitur pro codem delicto*, which finds express recognition in the twenty-third section of our "bill of rights." And where two courts have jurisdiction of an offense, the well established rule is, that the court first acquiring jurisdiction has a right to try the action and a plea in abatement filed in the last acquiring it, to the effect that the first took and acquired jurisdiction and the action is then pending for the same

offense is a good plea, for the first court should try the action. Black on Judgments, sec. 85, and cases cited to note 2; Wells on Jurisdiction, sec. 159. Hence, it follows that, while the defendant could have interposed as a defense to the prosecution set on foot by the prosecuting attorney against him before the justice, the previous commencement and pending of that of the city for identically the same offense, he cannot plead the latter in abatement or bar of the former. This is the result of the authorities notwithstanding the provisions of section 4332, Revised Statutes. It seems that the proceeding authorized by that section is not the commencement of a prosecution, because it is not the act of the prosecuting attorney. The prosecution does not begin until the filing of the information by that officer. It must, therefore, be held by us that the circuit court erred in dismissing the cause.

The judgment will be reversed and the cause remanded. All concur.