Dear Senator Wilson:
This opinion is in response to your request:
 1) Is an arrest which is made outside the city limits by a city police officer for violation of a city ordinance a lawful arrest?
 2) If the arrest in question is unlawful, would the same arrest be lawful if the city police officer held a commission as a deputy sheriff?
The facts giving rise to these issues, as you outlined them, were:
 A city police officer, who also carries a deputy sheriff's commission for the county in which the city is located, stops an individual for violation of a city speed limit ordinance. The stop is made outside the city limits. The officer is paid solely by the city, receives no compensation by the county, and is not acting upon official county business at the time of the arrest, but is acting for the sole purpose of issuing to the individual a citation for violation of a city ordinance.
In answer to your first question, we refer you to Opinion No. 265, issued October 19, 1967, to James Millan, in which we concluded that police officers of third class cities do not have authority to arrest violators of city ordinances outside the city limits. That opinion was based on City of Advance ex rel. Henley v. MarylandCasualty Company, 302 S.W.2d 28 (Mo. 1957) and Rodgers v. Schroeder,220 Mo.App. 575, 287 S.W. 861 (1926). Also see Opinion No. 411, issued October 6, 1970, to Gus Salley, concerning officers of fourth class cities. The principles of law explained in these opinions and cases would apply to all classes of cities.
Section 544.157, RSMo 1978, provides for an exception to this rule in permitting a municipal police officer to arrest an ordinance violator outside municipal boundaries if the municipality is in a first class county having a charter form of government and the officer is in "hot pursuit" of the violator. This exception applies to no other class of counties; however, Art. VI, § 19(a), Mo. Const. 1945, provides:
 Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.
Accordingly, any city adopting a charter could enact the same exception.
Concerning your second question relating to the authority of a deputy sheriff to arrest an ordinance violator, § 57.270, RSMo 1978, provides that "[e]very deputy sheriff shall possess all the powers and may perform any of the duties prescribed by law to be performed by the sheriff." Hence, resolution of the issue depends upon a determination of whether a sheriff has the authority to arrest a violator of a municipal ordinance.
Two statutes outline a sheriff's duties. Section 57.100, RSMo 1978, provides:
 Every sheriff shall quell and suppress assaults and batteries, riots, routs, affrays and insurrections; shall apprehend and commit to jail all felons and traitors, and execute all process directed to him by legal authority, including writs of replevin, attachments and final process issued by circuit and associate circuit judges.
Section 57.110, RSMo 1978, further provides:
 Every sheriff is a conservator of the peace within his county, and shall cause all offenders against law, in his view, to enter into recognizance, with security, to keep the peace and to appear at the next term of the circuit court of the county, and to be committed to jail in case of failure to give the recognizance. The sheriff shall certify the recognizance to the clerk of the circuit clerk.
These statutes do not grant a sheriff authority to enforce municipal ordinances.
It is well settled in Missouri that prosecution for violation of a city ordinance is a civil action. Although its primary object is to punish, a prosecution for its violation is civil in form, despite its resemblance to a criminal action in its effects and consequences.City of St. Louis v. Penrod, 332 S.W.2d 34 (Mo.App., St.L. 1960); also see City of Webster Groves v. Quick, 319 S.W.2d 543
(Mo. 1959). Therefore, because of its reference only to apprehension of "felons," § 57.100 does not grant a sheriff authority to arrest for municipal ordinance violations.
Nor does the provision of § 57.110 that every sheriff shall bring into court "all offenders against law" include municipal ordinances. The Missouri Supreme Court distinguished municipal ordinances from public law in City of Kansas City v. Clark, 68 Mo. 588
(1878):
 Nor do we regard the violation of the ordinance under consideration as a crime,
since `a crime * * is an act committed in violation of a public law;' 4 Black. Com., 5; a law co-extensive with the boundaries of the State which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance, passed in pursuance of, in subordination to, the general or public law, for the promotion and preservation of peace and good order in a particular locality, and enforced by the collection of a pecuniary penalty. (Emphasis in original.) Id. at 589-590.
Hence, the reference of § 57.110 to "law" would not include a municipal ordinance. As a consequence, Missouri statutes do not grant a sheriff authority to arrest violators of municipal ordinances.
CONCLUSION
It is, therefore, the opinion of this office that municipal police officers do not have the power to arrest ordinance violators outside the limits of the municipality, except when the officer is in "hot pursuit" of the violator and is an officer of a municipality in a first class county having a charter form of government or is an officer of a constitutional charter city which provides for such an exception, and, furthermore, municipal police officers holding a valid deputy sheriff's commission do not have power to arrest ordinance violators outside the municipal limits.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Paul M. Spinden.
Very truly yours,
 JOHN ASHCROFT Attorney General
Encs: Atty. Gen. Op. No. 265 Millan, 10/19/67 Atty. Gen. Op. No. 411 Salley, 10/6/70