(141)                        COCHRAN *v.* BIRD.

Where a trial was had and judgment given, before a Justice of the Peace, on the 27th
    December, at which time the defendant prayed an appeal, but did not enter into a
    recognizance until the 5th January following—held, that the party appealing should
    have notified the opposite party, in writing, of said appeal.

ERROR from the Jefferson Circuit Court.

Opinion of WASH, J.

Cochran sued Bird before a Justice of the Peace, and had judgment.   Bird appealed
to the Circuit Court, where, on motion, his appeal was dismissed for want of notice ;
to reverse which judgment, Bird presents the present writ.

The trial before the Justice took place on the 27th of December last and the tran-
script shows that the appeal was taken on the 5th of January thereafter.   It appears
from the record, that the appellant offered to prove in the Circuit Court, " by two
witnesses, that on the day when said case was tried and judgment was rendered against
said appellant, before said Justice, the said appellant had prayed an appeal to said
Circuit Court, and offered to give bond and security, as by law required in said ap-
peal ; and thereupon moved said Circuit Court for a rule against said Justice, to show
cause why the prayer of said appeal should not be entered on his docket, and a per-
fect transcript made out and certified to this Court;" which motion was overruled

by the Circuit Court. The 23d section of an act, establishing Justices' Courts, and regulating the collection of small debts, *R. C.*, p. 481, provides, "that in all cases of appeals not prayed for on the day the trial is had, the party appealing shall notify in writing, the opposite party or his agent, &c." For want of the notice required by this section, the appeal was dismissed.

It has been repeatedly settled, that the party praying an appeal, must tender his security at the time, or his prayer is to be disregarded. The appeal cannot be considered as taken or prayed for, in the sense contemplated by the statute, until the bond or recognizance be taken or tendered. But then it is the clear right of the party upon tendering the security required, to have his appeal entered on the docket as (142) taken on the day of trial. Why the Justice neglected or refused to do so, in the case under consideration, does not appear, and he should have been cited by the Circuit Court to make known the reasons of his neglect or refusal, or to make his transcript conform to the facts and whole truth of the case.

I think, therefore, that the judgment of the Circuit Court is erroneous, and should be reversed, and the cause remanded for further proceedings in conformity to this opinion. This is the only point I have deemed it necessary to notice.

Opinion of M'GIRK, C. J.

In this case my opinion is, that the Court did right in dismissing the appeal for want of notice, on the record as it appeared in the Circuit Court, and that the judgment is affirmed. As to the motion made there to receive proof that the Justice had refused or neglected to grant the appeal, and take bond as required by law, I think the Court ought to have received the proof, and if it had been sufficient, to have granted a rule on the Justice, and the party in this way perhaps may bring up his case, if the Justice should not show good cause. But in the mean time, I hold the appeal on that record (as it was at the time the motion was made,) ought to have been, and was rightly dismissed.

Opinion of TOMPKINS, J.

Cochran sued Bird before a Justice of the Peace and had judgment, from which Bird appealed to the Circuit Court of Jefferson county. The trial before the Justice of the Peace took place on the 27th December last, and the appeal appears by the transcript to have been taken on the 5th day of January next ensuing. In the Circuit Court the cause was dismissed on motion of the appellee; and to reverse this judgment this writ of error is prosecuted. It appears on the transcript of the record of the Circuit Court, that the appellant offered evidence, that he prayed an appeal on the day of the trial of the cause before the Justice of the Peace; and then also offered to give such bond and security as might be required in the appeal; and then prayed the Court that as the transcript of the J. P. did not show that said prayer of appeal was made on the day of trial, the Court would grant a rule against such Justice, to show cause why the prayer of said appeal might not be entered on his docket, and a full and perfect transcript made out and certified to this (143) Court; which motion of the appellant the Court refused to grant, or to hear the evidence by which the appellant could establish the facts of his having prayed an appeal. The statute provides, that in certain cases within the jurisdiction of a Jus-

Cochran *v.* Bird.

tice of the Peace, the person thinking himself aggrieved by the judgment of the Justice, may have liberty to appeal to the next Circuit Court; the party appealing, or some person for him, entering into a recognizance with sufficient security, in a sum sufficient to secure the debt or damages adjudged against him; and that in all cases of appeals not prayed for on the day of trial, the party appealing shall notify the opposite party in writing, &c.

The appellant contends that his appeal being prayed for on the day of trial, and the allowance of the appeal being a matter of course, it became his right to have the appellee in Court without a notice in writing. This seems unreasonable; he might have prayed an appeal which he never meant to perfect. But it further appears, that he offered to prove that bond with sufficient security was offered as by law required in said appeal.

It appears on the transcript that the appeal was not perfected till the eighth day after the trial. Of this the appellant could not have been ignorant, and as he did not offer to prove that the appeal was perfected on the day of trial, and that the entry was wrong, it is but reasonable to suppose it was perfected when it purports so to be. This the appellant knew, and of this the law presumes the appellee to be uninformed. It is then unreasonable that the appellee should be required to take notice of the appeal. The appellant should have given notice. But it is asked, is he to lose his right by the negligence of the J. P.? The answer is plain, he had lost his right of having the appellee in Court without written notice. And it is unjust that the appellee should suffer by an act of the Justice, which by law can affect only the appellant. The Circuit Court, in my opinion, did right to refuse the *mandamus*, and the cause was rightly dismissed. The plaintiff in error does not insist that the Circuit Court erred in refusing to hear the evidence, for the purpose of enabling him to obtain a *certiorari*, on a suggestion of diminution of record; therefore I will say nothing on that point.

The judgment is affirmed, Judge M'Girk concurring with me in opinion that the Circuit Court committed no error.