OF

# THE SUPREME COURT.

OF THE

## STATE OF ILLINOIS,

### DECEMBER TERM, 1853, AT SPRINGFIELD.

ROBERT BRYAN, Plaintiff in Error, *v.* NATHANIEL S. BATES, Defendant in Error.

#### ERROR TO SANGAMON.

In an action for assault, battery, and imprisonment, if the plea to it professes to answer the assault, *&c.*, and imprisonment, the *&c.* will make the plea broad enough to answer the battery complained of.

The powers of the cities and their ministerial officers, and their ministerial duties continue and were not changed by the new constitution. And the city marshal of the city of Springfield has the power to arrest, without warrant, any offender, for violations of certain ordinances, committed in his presence.

The principle laid down in the case of·The People *v.* Maynard, 14 Ill. Rep., does not affect the general police powers of cities, but has reference only to the judicial powers of mayors, acting as a court under city ordinances.

THIS cause was heard before DAVIS, Judge, at June term, 1853, of the Sangamon Circuit Court. See opinion for statement of the case.

W. HERNDON, for plaintiff in error.

W. J. BLACK & STUART, and EDWARDS, for defendant in error.

Scates, J.   The action was trespass for assault, battery, and imprisonment.   The court sustained a demurrer to the third and fourth special pleas, and overruled it, to the second and fifth ; and these judgments, by mutual consent, are assigned for error, both parties abiding the demurrer.   We deem it unnecessary to examine the assignment of errors by defendant, in sustaining the demurrer to the third and fourth pleas.

The introductory part of the second and fifth pleas enumerates and professes to answer the assault, &c., and imprisoning, and keeping, and detaining in prison ; and justifies the same by alleging that defendant was marshal of the city of Springfield, and as such, it was his duty to preserve the peace, and arrest, &c., all offenders for violations of the city ordinances ; and that plaintiff was drunk, in violation of a city ordinance ; that plaintiff disturbed the peace, by violent, tumultuous, and offensive conduct, and by obscene and unusually profane and offensive language, calculated to provoke a breach of the peace, and in like violation of the ordinances of the city ; all which were committed in his view, wherefore he gently laid his hands upon him, and imprisoned him, until he could take him before the mayor of the city according to law, which are the same supposed trespasses in the introductory part of these pleas mentioned, and none other, &c.

We are of opinion, that the decision of the court in overruling the demurrer to these pleas was right; that the powers of the cities, and their ministerial officers and their ministerial duties, continue, and were not changed by the new constitution ; and that under the ordinances of the city of Springfield the city marshal has the power to arrest, without warrant, any offender, for violations of those ordinances committed in his presence.

Objection was taken to the pleas, that they do not answer the whole declaration, for that a battery is alleged, and not answered.   The introductory allegation is, " as to the assaulting, &c.," the said plaintiff, and imprisoning, which is broad enough. These are justified by the *moliter manus imposuit*, for violations of the ordinance, in presence of the defendant as city marshal, and " which are the said supposed trespasses," &c., in the introductory part of the pleas, and in the " declaration mentioned." The beating is included in the " &c." well enough, without setting it out at length ; and upon replication, plaintiff might show under the issue so tendered, that the officer exceeded his authority by an excessive battery.

The ordinance set forth in the plea expressly authorizes the marshal to arrest, without warrant, any offender, for violations of the ordinances committed in his view.   And this is in con-

formity to the general law in relation to the police of the State. 1 Hale's Pl. C. 587, 588; Rev. L. 1845, 190, § 202.

The principle laid down in the case of The People, *ex rel.* City of Rockford v. Maynard, 14 Ill. Rep. 419, does not affect the general police powers of the cities, nor the ministerial officers, or ministerial duties, but only the judicial powers of the mayor's court under those ordinances.

*Judgment affirmed.*