Byers et al., *v.* President and Trustees of Olney.

---

ALEXANDER L. BYERS *et al.*, Plaintiffs in Error, *v.* THE PRESIDENT AND TRUSTEES OF THE TOWN OF OLNEY, Defendants in Error.

### ERROR TO RICHLAND.

A town incorporated under the general law, may provide by ordinance against disposing of any vinous, spirituous liquors, &c., in a less quantity than one barrel, without first taking out a license; and such an ordinance is not repugnant to the general law prohibiting a sale without license, in a quantity less than one quart.

THIS cause was heard before HARLAN, Judge, at September term, 1853, of the Richland Circuit Court.

C. H. CONSTABLE, for Plaintiff in Error.

A. KITCHELL, for Defendant in Error.

SCATES, J.   The town of Olney, being incorporated under the general law, on the 12th March, 1853, provided by ordinance that no person shall sell, barter, or dispose of any vinous, spirituous or mixed liquors, in a less quantity than one barrel, without first taking out a license to keep a grocery—except for medical, chemical, culinary and sacramental purposes, by druggists.

The plaintiffs were fined $10 for a violation of this ordinance. The only question submitted for our decision is as to its legality.

A very analagous question was presented in four previous cases in this court, in each of which the powers of town and city corporations have been sustained in local legislation within the charter powers conferred.

The first case is that of *King et al.* v. *Jacksonville*, 2 Scam. 305, where a similar ordinance was sustained.

In *Bryan* v. *Bates*, 15 Ill. 87, the power of creating misdemeanors and providing for arrests is sustained ; and so again in *Maine* v. *McCarthy et al.*, 15 Ill. 441.

In *Goddard* v. *Trustees of Jacksonville*, 15 Ill. 588, this question, in a broader sense, was presented, and the power to declare the sale a nuisance was sustained by this court.   The powers conferred upon Jacksonville are no greater in respect to this question than those of the general law under which this ordinance was passed.

The court in *Woodward* v. *Turnbull*, 3 Scam. 1, went even further than any of the former cases ; it was there held that the act of 1831, empowering incorporated towns to "provide for licensing public shows," repealed by implication the general law of 1829, on the same subject, within the corporate limits.   An application of this last principle to this subject would effect a suspension of the general law within the corporate limits, by the passage of an ordinance.   But we see no repugnance between the general law and the ordinance in this case.   The general law prohibits a sale without license, in a less quantity than one quart.   The ordinance only extends the quantity to a barrel, and does not require a license to be procured from the corporation. The subject matter of sale without license has been in part only regulated, by forbidding sales in small quantities, and has left the larger sales without regulation by law.   The ordinance

comes in to regulate sales in larger quantities. I cannot see the repugnance to any law of the State, and believe the subject to be within the corporate powers, for regulation.

*Judgment affirmed.*

TREAT, C. J., dissented.