FRANZ GUNNARSSOHN

*v.*

THE CITY OF STERLING.

92   569
139   506
92   569
72a   155
92   569
181   526

1. STATUTE—*repeal of special by general one.* A subsequent statute which is general does not abrogate a former statute which is particular, and a general statute without negative words will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent.

2. SAME—*Dram-shop act does not repeal charter relating to liquors.* The provisions of the Dram-shop act do not take away the exclusive power vested in cities and towns by prior special charters to prohibit the sale of intoxicating liquors.

3. INTOXICATING LIQUORS — *ordinance* — *extent of prohibition.* A general power in a city or town charter to prohibit the sale of intoxicating liquors is sufficient to authorize the adoption of an ordinance for any partial prohibition deemed advisable.

4. Under a section in a city charter declaring that "the city council, by ordinance, shall have exclusive power to license, prohibit or regulate in any manner they may see fit, the selling, bartering or trafficking of any wine, rum, gin, brandy, whisky, malt liquor, strong beer, ale, porter, mixed liquors, or any intoxicating liquors whatsoever within said city," etc., an ordinance prohibiting the sale, barter or exchange of any of said liquors within the city in less quantities than five gallons is valid and may be enforced.

5. SAME—*license when discretionary in cities or towns.* The General Assembly may invest municipalities with full power to license and regulate, or entirely prohibit the sales of spirituous or other intoxicating liquors, and where such power is conferred it is wholly discretionary with the municipality to license and regulate, or partially or entirely prohibit the traffic.

6. SAME—*when prohibition not inconsistent with the policy of State legislation.* When special power is conferred by statute upon a city or town to prohibit the sale or traffic in intoxicating liquors, and such power has not been taken away or afterwards prohibited, an ordinance prohibiting such sale wholly or par-

tially, is not inconsistent with the laws of the State or the policy of the State legislation.

7. SAME—*burden of proof.* Where a city, in pursuance of a power in its charter, adopts an ordinance prohibiting the sale of any intoxicating liquors within its limits, if sales are made of such liquors in the city for a lawful purpose, the burden is upon the seller to prove such fact.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and HON. GEO. W. PLEASANTS, and Hon. JOSEPH M. BAILEY, Justices.

This was an action of debt, brought by appellee against appellant, on the following agreed state of facts:

" It is hereby stipulated by and between the parties to the above entitled cause, that for the space of one year and more just previous to the commencement of this suit the defendant was engaged in keeping, within the limits of the city of Sterling, in Whiteside county, Illinois, a store for the purpose of selling intoxicating liquors in quantities of one gallon and upwards, and by the keg and barrel, both in and out of the original package, and that during all the said time the defendant did not keep a dram-shop or saloon, or place where intoxicating liquors were sold in quantities less than one gallon, or in any quantity to be drank on the premises where the same were sold, and did not, within said time, make any sale of such liquors in less quantities than one gallon, or in any quantity to be drank on the premises where sold, and that said defendant was neither an importer from foreign countries nor a manufacturer of said liquors; that the defendant, within one year prior to the commencement of this suit, sold bottled ale, an intoxicating liquor, in quantities of two and one-half gallons on some ten different occasions, and sold same kind of ale in quantities of four gallons on at least fifteen different occasions; that all of said sales so made were made at the said store of defendant in the prosecution of his said business as aforesaid, and were not made by the defendant for the purpose of having the said liquors drank on the premises where the same were sold, or in or upon any adjacent room, building,

yard, premises or place of public resort, and that the said liquor sold was not, in fact, so drank, and that an ordinance of the city of Sterling was in full force and effect at the time said sale was made by the defendant, and up to and at the time of entering judgment in this cause, which said ordinance is in the words and figures following, to-wit:

*"Be it ordained by the City Council of the City of Sterling:*

" Sec. 1. That every person who shall by himself or herself, or by agent, servant or employee, within the limits of the city of Sterling, or within one mile of said limits north of Rock river, on the first day of the week, commonly called Sunday, sell or barter in any manner any wine, rum, gin, brandy, whisky, malt liquor, strong beer, ale, porter, mixed liquors, or any intoxicating liquors whatever, shall, upon conviction thereof, be fined not less than $20 and not more than $100.

" Sec. 2. Every person or corporation who shall by himself or herself, or by agent, employee, servant, or otherwise, within the limits of said city of Sterling, or within one mile of said limits north of Rock river, sell or barter in any manner any rum, gin, brandy, whisky, malt liquors, strong beer, ale, porter, mixed liquors, or any intoxicating liquors whatever, in less quantities than five gallons, shall, on conviction thereof, be fined not less than $10 nor more than $100.

" Sec. 3. Neither sections one nor two hereof shall apply to sales made by druggists in filling prescriptions of practicing physicians, nor to such druggists compounding medicines in good faith.

" Sec. 4. The giving away of said liquors, or other shift or device to evade the provisions of this ordinance, shall be deemed and held to be an unlawful selling within the provisions of this ordinance.

"Passed December 14, 1874."

Judgment was rendered in favor of appellee in the circuit court, and appellant took the case, by appeal, to the Appellate

Court of the First District, where the judgment of the circuit court was affirmed.

The questions arising on this appeal are fully stated in the opinion.

Messrs. C. J. & C. C. JOHNSON, for the appellant.

Mr. H. C. WARD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Section 35 of article 7, of the charter of the city of Sterling, is as follows:

" The city council, by ordinance, shall have exclusive power to license, *prohibit* or regulate in any manner they see fit, the selling, bartering or trafficking of any wine, rum, gin, brandy, whisky, malt liquor, strong beer, ale, porter, mixed liquors, or any intoxicating liquors whatsoever, within said city, and within one mile of the city limits north of Rock river."

The ordinance under which this suit is prosecuted provides that "every person or corporation who shall, by himself or herself, or by agent, employee or servant, or otherwise, within the limits of said city of Sterling, or within one mile of said limits north of Rock river, sell or barter, in any manner, any rum, gin, brandy, whisky, malt liquors, strong beer, ale, porter, mixed liquors, or any intoxicating liquors whatever, in less quantities than five gallons, shall, upon conviction thereof, be fined not less than $10 nor more than $100."

The only question for our consideration is the validity of this ordinance.

It is objected against it, 1st, that the exclusive power to prohibit the sale of the liquors therein enumerated, (if the city ever had such power,) has been taken away by the subsequent enactment of the Dram-shop act; 2d, that the ordinance is too broad and comprehensive in its terms and attempts to restrain and prohibit a matter of business or trade to an extent that in

nowise affects the police of the city, and 3d, that the ordinance is inconsistent with the general statute of the State and the policy of the State legislature, and therefore void.

We shall consider these objections in the order in which we have stated them.

1.   The city of Sterling was incorporated under a special charter passed in 1869.   There is nothing in the "Dram-shop act" which assumes to repeal the special charters of cities in force prior to its enactment.   Nor are we able to see any necessary repugnancy between that act and the special charters of cities, towns and villages, in force prior to its enactment. The rule is, a subsequent statute which is general, does not abrogate a former statute which is particular.   *The President and Trustees of the Town of Ottawa* v. *The County of LaSalle,* 12 Ill. 341.   So, also, it is held a general statute, without negative words, will not repeal the particular provisions of a former one unless the two acts are irreconcilably inconsistent. *Covington* v. *City of East St. Louis,* 78 Ill. 552.

2.   The language of the ordinance is not as broad and comprehensive as that of the city charter.   The latter expressly authorizes the city council to *prohibit, without any restriction* whatever, while the latter only prohibits in less quantities than five gallons.   A general power to prohibit is obviously sufficient to authorize any partial prohibition deemed advisable.

But, it is said, the spirit and intent of the charter is only to authorize the prohibition of such sales as interfere with the good order and welfare of the city.   Suppose we shall concede this, can the courts say, as matter of law, that sales of five gallons and less quantities will not interfere with the good order and welfare of the city?   Certainly not.   Drunkenness and all its attendant vices and misfortunes may evidently readily result from sales in such quantities as in sales of less maximum quantities.   While it is true, under the facts of this case, appellant did not keep a saloon nor sell liquors in quantities less than one gallon nor to be drank on his premises, he did sell liquors in quantities of one gallon and upwards, and

there is nothing to show that such liquors were not to be used as a beverage within the corporate limits of the city of Sterling or within one mile of such limits north of Rock river, and if the sales were for a lawful purpose the burden was on appellant to prove that fact. *Harbaugh* v. *City of Monmouth,* 74 Ill. 371. Hence it is not material to inquire whether municipalities may be invested with and exercise the power of prohibiting sales where the liquors are not to be used as a beverage within the corporate limits.

This court has, in numerous cases, held that where power to that end is conferred by the charter, municipalities may prohibit the sale of intoxicating liquors, etc., as a nuisance. *Goddard* v. *Jacksonville,* 15 Ill. 588; *Kettering* v. *City of Jacksonville,* 50 id. 39; *Pekin* v. *Smelzel,* 21 id. 464; *Harbaugh* v. *City of Monmouth, supra*; *Schwuchow* v. *City of Chicago,* 68 Ill. 444; *Baldwin* v. *Murphy,* 82 id. 485.

And, even where the power to license dram shops is conferred upon and exercised by the municipality, it has been held competent for the municipality to adopt an ordinance prohibiting sales in less quantities than one barrel, without a license. *Byers et al.* v. *President and Trustees of the Town of Olney,* 16 Ill. 35.

The principle underlying all these decisions is, that the General Assembly may invest municipalities with full power to license and regulate or entirely prohibit the sales of liquors, etc., and when such power is conferred, it is wholly discretionary with the municipality to license and regulate or partially or entirely prohibit the traffic. *Schwuchow* v. *City of Chicago, supra.*

3. The objection that the ordinance is inconsistent with the general statute of the State and the policy of the State legislature, and therefore void, is answered by *Pekin* v. *Smelzel* and *Baldwin* v. *Murphy, supra.* In the first of these cases, speaking of this objection, it was said: "This position, we think, is not tenable. The power to impose the fine is given by the charter, and it is not in terms limited. In the case of

*Goddard* v. *Jacksonville*, 15 Ill. 589, a fine of $20 was imposed in each of two cases for a violation of an ordinance declaring the sale of liquor a nuisance, and the ordinance was held valid. This court again recognized the validity of the same ordinance in the case of *Town of Jacksonville* v. *Holland et al.* 19 Ill. 271. And following these decisions, in the case of *Pendergast* v. *The City of Peru,* 20 Ill. 51, a recovery under an ordinance which prohibited the sale of wine, brandy, rum, gin, whisky, beer, ale, porter or other vinous, spirituous, malt or fermented liquors, without a license, and imposing a fine of not less than $25 nor exceeding $100, was sustained. And it is for the reason that the legislature has conferred the power, and when such power is given and has not been taken away or afterward prohibited, it is not inconsistent with the laws of the State." And this is reindorsed in the last cited case.

These cases are so directly in point that we deem it unnecessary to examine the cases from Ohio and Georgia, referred to by counsel for appellant, which are claimed to hold a contrary doctrine.

Perceiving no cause to disturb the judgment below, it is affirmed.

*Judgment affirmed.*