SCHWEITZER, *Appellant*, v. THE CITY OF LIBERTY.

1. **City of Liberty**: CHARTER OF: POWER TO REGULATE SALE OF INTOXICATING LIQUOR, The city council of the city of Liberty had authority under its charter, (Acts 1860, 1861, pp. 213, 227 ; also Acts 1874, p. 336,) to pass an ordinance providing that no person should, directly or indirectly, sell or give away any intoxicating liquors in any quantity less than one gallon within said city, without taking out a license as a dramshop keeper, and that any person violating said ordinance should be deemed guilty of a misdemeanor, and upon conviction, be punished by a fine of not less than $10 nor more than $90.

2. **Municipal Corporation**: POWER TO TAX AND RESTRAIN SALE OF INTOXICATING LIQUOR. The power given to a city to tax and restrain the sale of liquor, includes the power to grant licenses.

3. **Ordinance**: PUBLICATION. Where a city charter provided that "all ordinances passed by the city council within thirty days after they

become laws, shall be published, * * but the failure to publish * * sh'all not render void or affect the validity of any such ordinances, unless delay may cause such ordinances to act retrospectively on the rights of individuals." An ordinance passed by the city council goes into effect and becomes a law, notwithstanding the want of such publication.

4. **Jurisdiction.** The recorder of the city of Liberty has jurisdiction of offenses arising under the ordinance involved in this case.

*Appeal from Clay Circuit Court.*—J. W. JENKINS, ESQ., Special Judge.

AFFIRMED.

*Hamner & Burris* for appellant.

The ordinance was illegal and void. Dillon on Mun. Corp., § 55, note 1; *Ibid* §§ 251, 298, 302; *Jefferson City v. Courtmeyer,* 9 Mo. 692; *Com. v. Turner,* 1 Cush 493. The ordinance was not published as the charter required and was, therefore, inoperative at the time the prosecutions complained of were had against plaintiff. Acts 1874, § 37; Dillon on Mun. Corp., § 265; *Barnett v. Newark,* 28 Ill. 62; *Conroy v. Iowa City,* 2 Clarke 90; *Higley v. Bunce,* 10 Conn. 435; 46 N. Y. 42; 60 N. Y. 457; 62 N. Y. 224; *Ex parte Winsor,* 3 Story 411; *Ruggles v. Collier,* 43 Mo. 365; *St. Louis v. Clemens,* 43 Mo. 395. The recorder had no jurisdiction of this class of cases. R. S. § 5451; City Charter, Art. 7, § 26; Acts 1868, p. 221, § 12; R. S. 1879, § 5449. The money paid for fines can be recovered back,. 2 Greenlf. on Ev. § 121; 2 Chitty on Cont. p. 947; *Richardson v. Duncan,* 3 N. H. 508; 8 N. H. 386; *Claflin v. McDonough,* 33 Mo. 412 and other authorities.

*L. W. Newman* and *Simrall & Sandusky* for respondent.

The city was authorized by its charter to pass the ordinance in question. Charter, Art. 3, § 1; *Black v. Jack-*

*sonville*, 36 Ill. 301; *Goddard v. Jacksonville*, 15 Ill. 588; *Byers v. Trustees*, 16 Ill. 35; 21 Ill. 464; *City of St. Louis v. Bentz*, 11 Mo. 61; Dillon on Corp. (2nd Ed.) § 299; *Heisenbrittle v. City Council*, 2 McMullen (S. C.) Law 233; *City Council v. Ahrens*, 4 Strob. (S. C.) 241; *St. Louis v. Cafferata*, 24 Mo. 94. The power to license and regulate was not taken away by section 12 of the Amendatory Act, of March 25, 1868, amending section 26, article 7 of original act. There is no maximum penalty, fine or forfeiture fixed by the General Statutes for violating the city ordinances. The offenses are distinct. 1 Dillon on Corp. § 302 and note: *Mayor, etc. v. Allaire*, 14 Ala. 400; 8 Ala. 615; 17 Md. 331; 24 Mo. 94; *St. Louis v. Bentz, supra*; *Connor v. Railroad Co.*, 59 Mo. 285; *State v. Debar*, 58 Mo. 395. The ordinance was published. It was passed on the 1st of February, 1878, within thirty days after it was published in a newspaper printed in said city of Liberty, according to the uniform custom, and the printer's bill was presented to and paid by the city council, whereby the publication in that mode was ratified. The publication was not necessary to the validity of the ordinance, but it took effect, when passed and duly signed. See sections 35, 37, Act of 1874. The clause in reference to publication was directory and intended for information. *City of Cape Girardeau v. Riley*, 52 Mo. 424.

EWING, C.—This was a suit brought by plaintiff, before a justice of the peace, to recover of defendant, the appellee, certain amounts paid by her as fines and costs to the officers of the city of Liberty, under a certain ordinance of the said city in relation to the sale of intoxicating liquors, which ordinance, she claims, was void and illegal, and said sums exacted from her under duress, and to prevent the seizure of her goods and the arrest of her person. Judgment was rendered against her in the justice's court, when she appealed to the circuit court of Clay county, Missouri,

where she was again unsuccessful, and she brings the case here by appeal.

There was no dispute as to the facts, and the plaintiff asked four instructions; two of which, the third and fourth, it will be alone necessary to notice, as upon their correctness the whole case turns. They are as follows:

3. That under the charter of the city of Liberty and the pretended ordinance, the recorder of said city had no jurisdiction of the causes of action of the mayor, councilmen and citizens of the city of Liberty against Mary Schweitzer, and set out in plaintiff's statement, and that if Mary Schweitzer paid the sums as sworn to by witnesses, Wymore and Reed, upon compulsion and to prevent the immediate seizure of her goods and the arrest of her person, and that the same were paid to the city aforesaid, for its own use, the court will find for the plaintiff in the sums so testified to by witnesses, Reed and Wymore.

4. Plaintiff asks the court to declare the law to be that the ordinance, entitled "An ordinance in relation to the sale of intoxicating liquors," passed by the city council of the city of Liberty, February 1st, 1878, and under which the proceedings complained of in this petition were had, is null and void, for the reason that the said city council had no power under the charter of the city of Liberty to pass said ordinance, and for the further reason that said ordinance was not published in compliance with the provisions of said charter.

I. It is insisted by the appellant that it was not in the powers granted to the corporation by its charter to regulate the sale of intoxicating liquors. The power granted by the legislature was as follows:

"14th. To license, tax and regulate auctioneers, grocers, merchants, retailers, dramshop keepers, ordinaries, taverns, druggists and apothecaries." Again:

"6th. To make regulations to secure the general health of the inhabitants, and to abate, prevent and remove nuisances." Again:

" 24th. To regulate the police of the city, to impose fines, forfeitures and penalties for the breach of any ordinance, and provide for the recovery and appropriating such fines and forfeitures, and the enforcement of such penalties." Again :

" 31st. To make such general rules, regulations, by-laws and ordinances for the purpose of maintaining the peace, good government and order of the city of Liberty, and the trade and manufactures thereof as the city council may deem expedient, and for that purpose may make and enforce any ordinance or ordinances for the apprehension and holding in custody of all or any offenders against the laws of said city, until the said offender of offenders can be brought to proper trial, and may enforce the observance of all laws, rules, regulations, by-laws and ordinances which may be passed by said city council under this act, by inflicting penalties upon any person or persons for the violation of any ordinance or law, not exceeding $90, for any one offense, to be recoverable, with costs, in an action of debt, by and in the name of " the mayor, councilmen and citizens of the city of Liberty," for the use of the city, before the city recorder or any justice of the peace residing in the limits of said city, having jurisdiction of the same." And:

" 32nd. To make all ordinances, subject to the restrictions in the last preceding sub-division of this section specified, which shall be necessary and proper for carrying into effect the powers vested by this act in the corporation, the city government or any department or office thereof."

"Article 7, section 40. The city council shall have power at any time to order an election to test the sense of the qualified voters residing within the limits of the city of Liberty, upon the subject of licensing groceries, dramshops, taverns and inns, for the purpose of vending at retail spiritous or vinous liquors, or either of the above-named houses, and also on the subject of licensing billiard tables within the limits of the city; such election shall be governed by such rules and conducted in such manner as the city coun-

cil may prescribe." Acts 1860, 1861, p. 213, § 1, sub. 14 and p. 227, art. 7, § 40; also, Acts 1874, p. 336, sub. 6, 24, 31 and 32.

Then under that authority the city of Liberty adopted an ordinance as follows: "Sec. 1. No person shall directly or indirectly sell or give away any intoxicating liquors in any quantity less than one gallon, within the city of Liberty, without taking out a license as a dramshop keeper," etc., and then providing that any person violating this ordinance "shall be deemed guilty of a misdemeanor, and upon conviction be punished by a fine of not less than $10, nor more than $90."

The question is, under the legislative power above conferred, did the city of Liberty have authority to enact the ordinance complained of. In the *City of St. Louis v. Bentz*, 11 Mo. 61, the legislature had granted the power " to regulate the police of the city," and the city passed " an ordinance respecting vagrants," under which Bentz was proceeded against and fined. He moved to quash the information against him for the reason " that the ordinance of said city under which the complaint is made, is void, the city having no power by its charter to pass such ordinance." This court held the power sufficient, and that the ordinance does not conflict with the general law concerning vagrants. In the *City of St. Louis v. Cafferata*, 24 Mo. 94, the power granted was " to make such rules, regulations, by-laws and ordinances for the purpose of maintaining the peace, good government and order of the city, and the trade, commerce and manufactures thereof, as they may deem expedient, not repugnant to the constitution and laws of this State." Under this power the city passed an ordinance prohibiting any one after a certain hour, from keeping his store, shop or other place of business open on Sunday. The defendant Cafferata was tried and fined thereunder, and this court held the power properly exercised. In *State v. Cowan*, 29 Mo. 330, the same general doctrine is maintained. In *St. Louis v. Smith*, 2 Mo. 113, where there was charter power

to " restrain and prohibit tippling houses," the corporation was held entitled to license. The power to tax and restrain the sale of liquor includes the power to grant licenses. *Mt. Carmel v. Wabash Co.*, 50 Ill. 69; *Byers v. Olney*, 16 Ill. 35; *City Council v. Ahrens*, 4 Strob. 241; 2 McMullen 233.

It would seem from these authorities that the respondent had abundant authority to adopt the ordinance, and that unless otherwise void, it must be held to be a valid and legal enactment under which appellant could be prosecuted.

II.   The next proposition of the appellant is that " the ordinance was not published as the charter required and therefore inoperative." The charter itself provides: (sec. 37, Acts 1874, p. 339.) " All ordinances passed by the city council, within thirty days after they become laws, shall be published,    *    *    but the failure to publish *    *    shall not render void or affect the validity of any such ordinance, unless delay may cause such ordinance to act retrospectively on the rights of individuals." It is not insisted that the ordinance acted retrospectively, but only that, not having been published within thirty days after it went into effect, that it was dormant and a prosecution could not be maintained by its authority.   In other words appellant holds that the ordinance was passed by the city council, and had become a law, but not having thereafter been published, it is therefore dormant.  We cannot agree to this interpretation of section 37, but on the contrary, we hold that it was in force, notwithstanding its want of publication, and the only advantage appellant could take of the fact, if it be a fact, is that it had acted retrospectively on her rights, which was not attempted. But the evidence strongly tended to show that the ordinance was published as required.

III.   It is insisted by the appellant that the city recorder had no jurisdiction of this class of cases.   The charter of the city of Liberty, (Acts 1861, p. 224, § 26) is as follows:   " All persons charged with and convicted of

any misdemeanor shall be punished as is herein directed and provided, when such misdemeanor was committed within the limits of the city of Liberty; and all laws, punishments, fines, forfeitures or costs provided or inflicted under the laws of the State of Missouri shall be null and void for any such misdemeanor when it shall appear from the indictment or the evidence of the commission of such offense that the same was committed within the limits of said city; the true intent and meaning of this act being, that all charges of misdemeanor as herein defined, when committed within the limits of said city, shall be punished only in manner and form as defined and described under this act, and the laws or ordinances of said city council, within their authorized legislative authority."

Which was afterwards amended by tacking thereto the following:

"Provided, however, that the recorder shall have no greater jurisdiction than justices of the peace in similar cases, and shall have no authority to try and punish offenders where the maximum penalty, fine or forfeiture fixed for the offense by the general statutes of the State exceeds the sum of $100." Acts 1868 p. 221, § 12.

It is further provided in section 15, Art. 4, p. 217, Acts 1860 and 1861, that the recorder "shall have the same jurisdiction as justices of the peace," and exclusive jurisdiction over all cases arising under any ordinance of the city, subject to appeal to the circuit court. Then section 2024, Revised Statutes, 1879, (Acts 1877) provides that justices of the peace shall have jurisdiction concurrent with the circuit court, in all cases of misdemeanor.

The proviso copied from the acts of 1868, *supra*, refers to cases not arising under any ordinance, but to those cases arising outside of said city ordinances of which the recorder and justices of the peace have concurrent jurisdiction, by virtue of section 15, *supra*, acts 1860, 1861. The ordinance, however, under which this misdemeanor was prosecuted fixes the penalty at a fine of not less than $10 nor more than

$90. Then this was an offense solely against the city, punishable by her laws, cognizable alone before her recorder, and with which the penalty attached by the State, to similar offenses committed against the laws of the State, has nothing to do. The 26th section of the act, above quoted, so provides; and the law gives this recorder exclusive jurisdiction.

We must, therefore, reach the conclusion, that the court below did not err in refusing the instructions 3 and 4, asked by the appellant.

The judgment of the court below is affirmed. All concurring. NORTON and SHERWOOD, JJ., absent.