*Baldwin* vs. *Green.*

### BALDWIN vs. GREEN.

An act incorporating a town and vesting the authorities of the town with certain powers, does not divest the State or County Courts of powers vested in them by a general law, unless the act of incorporation declares the powers vested in the corporation to be exclusive.

## APPEAL from Platte Circuit Court.

McBRIDE, J., *delivered the opinion of the Court.*

Green brought his action before a justice of the peace, against Baldwin, for a failure to work on the road, over which the former was overseer. The case went to the Circuit Court, where Green having obtained judgment, Baldwin appealed to this Court.

The only question presented for the decision of this Court, is whether the act incorporating the town of Platte City, divests the County Court of Platte County of their jurisdiction over that part of the road lying within the corporate limits of said town.

The act of incorporation (Local laws, 1844-5, p. 97, sec. 4,) contains an enumeration of the powers vested in the board of trustees, and among them is the power " to open, establish, widen, extend and repair streets, &c., and to regulate, graduate, pave and improve the streets of said town." If the jurisdiction of the County Court be superseded by the foregoing provisions, it is by implication, for the language does not necessarily operate a suspension of their general control over the subject of roads within the town limits. By a further examination of the enumerated powers, we may collect with certainty what was the intention of the General Assembly, and be enabled consequently to put that construction on the act which was intended. The act further provides that the board of trustees may pass bye-laws " to prohibit gambling and gaming houses; to prevent or restrain the meeting of slaves; to prevent and restrain bawdy houses and other disorderly houses; to levy and collect taxes upon personal and real estate in said town." These are all subjects cognizable by the State Courts and her authorities, and the

jurisdiction given to the trustees of said town could not have been intended to divest the Courts of jurisdiction or the State of the right to levy a tax on the property of the inhabitants residing within the corporate limits. And yet, if the construction contended for be correct as to the jurisdiction over the roads, no reason can be found why the property of the inhabitants of a town, made subject to taxation by the trustees, should not be exempt from the payment of a State or county tax. The State Courts would also be powerless " to prohibit gambling and gaming houses," and the morals of the inhabitants be exclusively left in the keeping of the trustees of the town. A statute working such important changes in society should, we think, be strictly construed, and not receive that latitudinous construction contended for by the defendant below, and without which no novel consequences will ensue.

The question involved in this case is subject to the principle settled by this Court, in the case of the State vs. Harrison, 9 Mo. R. 530. Harrison was indicted fot keeping a ferry without having obtained license from the County Court; and in defence it was argued that the subject of taxing ferries was given by charter to the corporate authorities of St. Louis; but this Court held that the jurisdiction of the corporation was subordinate, there not being *exclusive* power vested by law in the corporation. So also in the case at bar, the act of incorporation does not vest *exclusive* jurisdiction in the trustees. It does not even create a conflict of jurisdiction between the County Court and the trustees of the town, as both powers may well exist and be exercised by each and both; nor is there any exemption from working the roads in favor of the inhabitants of the corporation, and is different in this respect from the act incorporating the city of Saint Louis, where it is expressly provided that the inhabitants of the city shall not be compelled to work on roads lying out of the city limits.

The judgment of the Circuit Court is affirmed.