State v. Gordon.

————o————

STATE OF MISSOURI, Plaintiff in Error, *vs.* HARRIET GORDON, Defendant in Error.

1. *Misdemeanors, statutory—Jurisdiction of—Power of Legislature to determine.*—The legislature has the undoubted right, in reference to statutory misdemeanors, to say in what particular jurisdiction they shall be tried, and to make that jurisdiction exclusive of all others.

2. *Misdemeanors, jurisdiction as to—Words of restriction and exclusion—Construction · · statute.*—When the power to hear and determine statutory misdemeanors is given to a municipal corporation, but no words of exclusion or restriction are used, the remedies between the State and the corporation will be construed to be concurrent; but where the manifest intention is that the prosecution shall be limited exclusively to one jurisdiction, that intention must prevail. And authority was unquestionably conferred on the city of Liberty by its charter of 1868, (Adj. Sess. Acts 1868, p. 221, § 12,) to take exclusive cognizance of misdemeanors.

### *Error to Clay Circuit Court.*

*John A. Hockaday, Attorney General, with James E. Lincoln,* for Plaintiff in Error.

This court has long since settled the question that both town authorities and the State can entertain concurrent jurisdiction over similar offenses. The first that asserts or acquires its jurisdiction over a particular case, controls it to the exclusion of the other. In this case, as the State instituted the prosecution, it would be a bar to any action by the city authorities of Liberty, and so *vice versa*. (State vs. Cowan, 29 Mo., 330 ; State vs. Simonds, 3 Mo., 414; 4 Mo., 376; 10 Mo., 410 ; 9 Mo., 526.)

*John Y. Rucker, with Simrall & Sandusky,* for Defendant in Error.

I. The General Assembly has the power to vest exclusive jurisdiction in a municipal corporation. (9 Mo., 531; 29 Mo., 333 ; 9 Mo., 692.)

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted by the grand jury of Clay county for unlawfully disturbing the peace of certain families who, it was alleged, resided in the city of Liberty.

A motion was made to quash, for the reason that the indictment charged that the offense was committed within the corporate limits of the city of Liberty. This motion was sustained and the State sued out her writ of error.

The only question is whether, by the charter of the city of Liberty, the municipal authorities have the exclusive power to take cognizance of and punish misdemeanors of the description contained in the indictment.

The charter provides that "all persons charged with and convicted of any misdemeanor, shall be punished as herein directed and provided, when such misdemeanor was committed within the limits of the city of Liberty ; and all laws, punishments, fines, forfeitures, or costs provided or inflicted under the laws of this State, shall be null and void for any such misdemeanor, when it shall appear, from the indictment or the evidence of the commission of such offense, that the same was committed within the limits of said city ; the true intent

and meaning of this act being, that all charges of misdemeanor, as herein defined, when committed within the limits of said city, shall be punished only in manner and form as defined and described under this act and the laws or ordinances of said city Council within their authorized legislative authority; provided, however, that the recorder shall have no greater jurisdiction than justices of the peace in similar cases, and shall have no authority to try and punish offenders where the maximum penalty, fine or forfeiture, fixed for the offense by the general statutes of the State, exceeds the sum of one hundred dollars." (Acts 1868, p. 221, § 12.)

The penalty or punishment for the offense, in this case, is fixed by the statute at a fine not exceeding one hundred dollars. (Wagn. Stat., 496, § 27.) So it falls clearly within the jurisdiction delegated to the corporate authorities.

The legislature has the undoubted right, in reference to statutory misdemeanors, to say in what particular jurisdiction they shall be tried, and to make that jurisdiction exclusive of all others. When the power to hear and determine these minor offences is given to a municipal corporation, but no words of exclusion or restriction are used, the remedies between the State and the corporation will be construed to be concurrent; but where the manifest intention is that the prosecution shall be limited exclusively to one jurisdiction, that intention must prevail.

The act conferring the power on the corporate authorities of the city of Liberty, to take exclusive cognizance of this case is too clear to admit of question or doubt. It not only gives the jurisdiction in unmistakable terms, but it makes all laws, punishments, fines, forfeitures or costs, provided for or inflicted, under the laws of the State, null and void, whenever it appears from the indictment, or the evidence, that the misdemeanor was committed within the city limits. It would be difficult to use clearer language, or to show a stronger intent of vesting exclusive jurisdiction in the corporate authorities.

The judgment should be affirmed; the other judges concur.