STATE OF MISSOURI, Respondent, v. JOHN WILLARD, Appellant.

Kansas City Court of Appeals, February 17, 1890.

1. **Municipal Corporations:** SOLE AND EXCLUSIVE POWER OF: CHARTER OF CARROLLTON. Where the legislature vests certain powers in a municipal corporation, and the subject-matter is one likewise open for general legislative control, such powers given to the municipality will not be deemed exclusive unless so expressly named in the act of incorporation; but when exclusive control is granted the state will not be permitted to dispute its existence. The charter of the city of Carrollton grants the "council sole and exclusive power to tax, license and regulate dramshops," etc., and the provision of the Revised Statutes, 1879, sections 1601 and 1605, requiring dramshop keepers to file bond and affidavit with the county clerk does not apply to a dramshop keeper licensed by said city.

2. **Repeal:** SPECIAL ACT BY GENERAL STATUTE. Said section of the Revised Statutes does not operate to repeal the grant of "sole and exclusive power" in the special charter.

8. **Merchants:** DRAMSHOP REGULATION OF SPECIAL CHARTER NOT APPLICABLE TO. A licensed merchant selling liquors in the city of Carrollton, on indictment for not filing the required bond and affidavit, cannot protect himself by the charter provision of "sole and exclusive power to tax, license and regulate dramshops and tippling-houses," etc., since that applies to the sale of liquor by dramshop keepers and not by merchants.

*Appeal from the Carroll Circuit Court* —HON. J. M. DAVIS, Judge.

AFFIRMED.

*Mirick & Young,* for the appellant.

(1) The only question to be determined in this case is one of jurisdiction. If the town of Carrollton, under its special charter (which is declared to be a public act, see Session Acts, 1871, page 148), had the sole and exclusive power over dramshops and tippling-houses, then it will be, we think, conceded that the grand jury had no authority to return this indictment, and the plea in abatement filed herein should have been sustained. (2) In fact it is difficult to conceive of any authority remaining in the legislature, except the authority to annul or amend the same, and this it has not done. (3) But, whilst it is admitted that the charter is as we have quoted, yet it is insisted that the general law, under which this indictment was found, having been passed by the legislature subsequently to the enactment of the special charter, the provisions of the general law repealed all sections of the special charter in conflict therewith. This contention is at variance with all rules of construction and is a reversal of the rule enunciated by the supreme court in the cases of the *State v. Ben DeBar,* 58 Mo. 395, 398; *Smith v. County of Clark,* 54 Mo. 58, 69. (4) This enactment of the charter being special, and for the benefit of the town of

Carrollton, will, we insist, remain in force until the legislative power sufficiently modifies or repeals it. And no general enactment will ever reach it.

*James L. Minnis* and *W. S. Timons*, for the respondent.

(1) This indictment is drawn under sections 1601, 1605 and 1606, Revised Statutes of 1879, and is for selling and offering for sale alcoholic intoxicating liquors, without making proper oath not to adulterate the same, and without giving bond for payment of all costs arising from prosecution, etc. The state is met by the objection from defendant that the charter of the town of Carrollton, section 12, gives "sole and exclusive power to tax, license and regulate dramshops and tippling-houses" to the council of said town. The legislature, we maintain, never delegated to the town all authority with reference to liquors. Sections 1601 and following are fair and proper police regulations by the state for the protection and health of its citizens. (2) It would be against public policy for the legislature to undertake to delegate to municipal corporations exclusive authority as to whether its citizens might, at its pleasure, be poisoned, it might be, by adulteration of food or drink. The legislature never intended to place the protection of the life and health of the citizens of the state in the sole care and keeping of any municipal corporation thereof; it cannot relieve the state of the duty it owes its citizens, to protect them in their lives and health.

GILL, J.—The defendant, a licensed merchant, doing business at Carrollton, Missouri, was indicted, tried and found guilty, in the circuit court of Carroll county, of failing to file an affidavit with the county clerk that he would not adulterate the liquors to be

sold by him, and of failing to give bond for the payment of all costs arising from prosecutions for violations of the law providing for such affidavit, etc., contrary to the requirements of sections 1601 and 1605, Revised Statutes, 1879.

The defense interposed by the defendant is to the effect, that as a merchant selling liquors at Carrollton, Missouri, he is by law subject only to such regulations in the prosecution of said business, as is, or may be, prescribed by the legislative authorities of said city of Carrollton, and is not subject to the provision of the general law as contained in said sections 1601 and 1605.

The offense with which defendant is charged is, that in July, 1888, he sold intoxicating liquors in Carrollton without having filed the affidavit and bond required by the sections of the general statutes above noted. The town of Carrollton seems never to have organized under the general law for the government of cities and towns, but is governed by its special charter enacted by the legislature of Missouri in 1871. By the terms of said special act, it is provided, that the "*council shall have sole and exclusive power to tax, license and regulate dramshops and tippling-houses*," etc., in said town. The well-established rule is, that municipal corporations may exercise such, and only such, powers as are delegated to them in express words, and such as follow therefrom necessarily, and by fair implication from the powers so expressly granted. 1 Dillon Mun. Corp., sec. 89. It is also well understood, where the legislature vests certain powers in a municipal corporation, and the subject-matter is one likewise open for general legislative control, that such powers given to the municipality will not be deemed *exclusive* unless so expressly named in the act of incorporation. And it is equally as well established, that while such *exclusive* control, so granted by the legislature, remains unrepealed and not withdrawn, the state will not be

permitted to dispute the existence of such exclusive power. *Harrison v. State*, 9 Mo. 530; *Baldwin v. Green*, 10 Mo. 410; *State v. Gordon*, 60 Mo. 383; *State v. Wister*, 62 Mo. 392. Now the state here has, by the special act of incorporation, expressly granted to the authorities of the town of Carrollton "*sole* and *exclusive* power to tax, license and *regulate dramshops*" in said town.

And, in pursuance of such power, it seems, by the ordinance introduced at the trial of this cause, the said municipality has prescribed such "regulations," as were thought proper by its council, for the traffic of the dramshop keeper. The corporate authorities of Carrollton have, in the exercise of their wisdom and discretion, thrown about the sale of intoxicating drinks by the dramshop keeper such restrictions as to them seemed proper. But the legislature, it is said, has annexed further regulations, — has imposed other conditions, necessary to be observed and performed before such dramshop keeper can be allowed to engage in the sale of his liquors in the town of Carrollton. It is clear that this regulation,—providing for affidavit and bond filed with the county clerk before a dramshop keeper shall be permitted to prosecute his business for which he is licensed by the town of Carrollton,—cannot be held to apply to the dramshop keeper, unless the "*sole and exclusive* power" granted to said municipality has been withdrawn, or unless said special act, in so far as the power to regulate was made *exclusive*, has been repealed by the subsequent enactment of sections 1601, etc., *supra*. We do not think that this general statute, passed as it was in 1877, had the effect to repeal this special law of 1871. There is no *express* repeal, and "it is a principle of very extensive operation that statutes of a general nature do not repeal, *by implication*, charters and special acts passed for the benefit of particular municipalities." 1 Dillon, Mun. Corp., sec.

87; *St. Louis v. Ins. Co.*, 47 Mo. 146, and cases cited on page 149; *State v. Vastine*, 38 Mo. 529; *State v. DeBar*, 58 Mo. 395; *Smith v. Clark County*, 54 Mo. 58. We are of opinion, then, that a dramshop keeper, plying his business at the town of Carrollton at the time of the alleged offense charged on defendant, was subject only to such regulations as were, or may be, prescribed by the council of said town, and was, therefore, not amenable to the provisions of said sections 1601 and 1605, Revised Statutes, 1879.

Still, this does not cover the case of this defendant, since, by the admitted facts, he appears to be a licensed *merchant* and *not a dramshop keeper*, doing business as *a licensed merchant*, with no pretense of being a dramshop keeper. The "sole and exclusive power," entrusted to the council of Carrollton, is not to regulate the sale of liquors by merchants generally, but only to regulate the sale thereof by *dramshop keepers and tippling-houses*, under neither of which is it proper to classify this defendant. The law may permit the licensed merchant to sell intoxicating drinks—may permit, too, and in fact *does* permit, the sale thereof by druggists, and would it be contended that the power delegated to the authorities of Carrollton "to regulate" the sale of liquors by *dramshops*, carried with it the power to regulate such sales by *druggists;* that the state, while delegating a control over *one* class, intended, likewise, to part with its control over another and different class? The rules for construing such delegations of authority are all opposed to such contention. See 1 Dillon, Mun. Corp., sec. 89, *supra*.

It results, then, from the foregoing observations, that this judgment must be affirmed, and it is so ordered. All concur.