MARGARET KERNEY, Respondent, v. BARBER ASPHALT PAVING COMPANY, Appellant.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Roads and Highways: DEFINITION: STATUTORY CONSTRUCTION: PRESUMPTION.** The term highway is generic, covering all kinds of public ways, such as a street in a city, but in a restricted sense is a road through a country for the use of the people; and in construing a statute the Legislature in using the generic term is not presumed to include streets.

2. ———: ———: ———: STREETS. Section 5201, Revised Statutes 1899, applies only to moving engines on country roads and has no application to the movements of steam rollers on the streets of cities.

3. ———: POLICE POWER: DELEGATION: KANSAS CITY. The police power of the state extends to all parts thereof, in cities as well as in the country, but such power may be delegated to municipal corporations; and so the act enabling Kansas City to form a freeholder's charter grants such city exclusive control of its public highways, and the state will not be permitted to dispute such control.

Kerney v. Barber Asphalt Pav. Co.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) The state statute upon which the petition is based, has absolutely no application to the movement of a steam roller upon the streets of Kansas City. Common Council v. Cross, 7 Ind. 9; Elliott on Roads and Streets, p. 16; State v. Jones, 18 Tex. 874; Fox v. City of Rockford, 38 Ill. 451; Cleaves v. Jordan, 34 Maine 2; Meyer v. Thatcher, 8 N. E. Rep. 824; Tucker v. Conrad, 2 N. E. Rep. 803, 807; State v. Town of Morristown, 33 N. J. L. 57; City Charter, sec. 1, art. 3; Baldwin v. Green, 10 Mo. 410; Pueschell v. Wire & Iron Works, 79 Mo. App. 463; State ex inf. v. Railway, 151 Mo. 163; State v. Willard, 39 Mo. App. 251; Kansas City v. Oil Co., 140 Mo. 458; State ex rel. Subway Co. v. St. Louis, 145 Mo. 551; Town of Ottawa v. Walker, 21 Ill. 605; Ex parte Roberts, 11 S. W. Rep. 782; Kansas City v. Bacon, 147 Mo. 772; State ex rel. v. Schweickardt, 109 Mo. 496. (2) The court erred in permitting plaintiff to recover for loss of time and medical services. Wallis v. City of Westport, 3 Mo. App. Rep. 148; Ross v. Kansas City, 48 Mo. App. 440; Smith v. St. Joseph, 55 Mo. 456; Thompson v. Railway, 135 Mo. 217.

*Henry Smith* for respondent.

(1) The petition is based upon a public welfare statute for the protection of persons on all highways of the state. Session Acts 1885, p. 42; R. S. 1899, secs. 5200, 5201, 5202. The 1885 act has three sections: (a) Requiring certain precautions in crossing bridges and culverts with engines, etc. (b)

Requiring engines to "shut off steam and halt" on meeting vehicles, etc.    (c)  Prescribing a fine of $5 to $150 for violations.    (2)  The Kansas City charter was framed and adopted in 1889, under act of Legislature approved March 10, 1887 (Sess. Acts, p. 42).    Paragraph 5, section 1, article 3, of the charter gives the city "exclusive control" to improve, pave, etc., but does not give "exclusive control" over everything done thereon.    State v. Willard, 39 Mo. App. 251; State ex rel. v. Mason, 153 Mo. 23.    (3)  "The state can not limit its exercise of the police power by contract or in any other way."    State ex rel. v. Murphy, 130 Mo. 10, 23; St. Louis v. Schoenbusch, 95 Mo. 618, 623; State ex rel. v. Greer, 78 Mo. 188, 194; State v. Cowan, 29 Mo. 330.    (4)  The laws and decisions in this State during its entire history are uniform in classifying and terming streets in cities as highways.    Lackland v. Railroad, 34 Mo. 259, 273; Meyer v. Railroad, 35 Mo. 352, 355; Russell v. Receivers, 70 Mo. App. 88; Bluedorn v. Railroad, 108 Mo. 439.

BROADDUS, J.—The cause was tried at the October term of the Jackson Circuit Court for the year 1899, at which time the plaintiff recovered judgment against the defendant for one thousand two hundred and fifty dollars.    After an unsuccessful effort to obtain a new trial, defendant brought the case to this court on appeal.    The plaintiff, respondent here, sought to recover upon two causes of action, alleging in the one statutory negligence; in the other, common-law negligence. But as the finding by the court was against plaintiff on the latter, from which she did not appeal, the first only requires consideration.

The allegation of statutory negligence is substantially as follows:    "That the defendant, for the purpose of its business (paving streets and doing other business in Kansas City, Mo.), owned, controlled and operated a steam engine with roller, and

on the twenty-third day of August, 1899, by and through its
agents and servants, was moving its said engine eastward along
and upon Independence avenue, a public highway in Kansas
City, Jackson county, Missouri, and near the crossing of Pros-
pect avenue, met plaintiff thereon going westward in a buggy
drawn by a horse, but defendant failed to shut off the steam
and come to a halt at the distance of one hundred yards from
said place on said highway where the plaintiff as aforesaid was
so met, and the defendant did not then so remain with steam
down and halted until plaintiff had passed at a distance of one
hundred yards from the place of halting on said highway, all
as required by law, but on the contrary, plaintiff alleges and
charges that defendant then and there by its agents and serv-
ants aforesaid, continued to propel and move said steam engine
and roller with steam puffing and escaping and sparks of fire
and smoke flying, and with the machinery and iron parts
thereof making clanking sounds and unusual noises, alarming
and terrifying to teams and horses, and thereby caused plain-
tiff's said horse to take fright and run away with the buggy
upon and against obstacles that threw the plaintiff out of the
buggy to the stone pavement and curb, and thereby she was
cut, bruised and hurt upon her head, nose, face, shoulders and
body, and seriously injured and damaged without fault upon
her part." She alleges as elements of damage that "she suf-
ered great bodily pain and permanent injury and mental
anguish, loss of time from work, and was required to spend
money for medicine, medical services and attention to her
damage, altogether in the sum of fifteen hundred dollars."

The answer denies negligence and sets up contributory
negligence. A review of the evidence in detail is wholly un-
necessary as it shows beyond doubt that the allegations of the
petition were clearly proven.

The court, at the instance of plaintiff, gave instructions
numbered one and two against the objections of the defendant.

Instruction number one authorized the jury to find for the plaintiff on the first clause of the petition. Instruction number three was refused; it relates to the question of the common-law negligence alleged in the second count of the petition, but as the action of the court in that respect is not complained of here it is not necessary to give it further attention.

The defendant asked the court to give instructions numbered one, two, three, four and five. The court gave instructions three, four and five, but refused to give instructions one and two; and it is to the refusal of these two instructions that the defendant complains.

The right of plaintiff to recover turns upon the question as to whether the statute upon which plaintiff's cause of action is based is applicable to towns and cities. And for a proper understanding of that matter it is necessary to quote from said statute (Act of March 31, 1885), entitled: "Bridges: Moving Engines and Machines—An act to prevent persons from breaking down bridges and culverts, from frightening horses, mules and other animals attached to vehicles of any kind or ridden by persons, by moving steam engines of any kind, corn mills, cane mills, reaping and mowing machines, on public highways." Section 2 of said act reads as follows: "All persons owning, controlling, operating or managing threshing machines, cane mills, corn mills, saw mills and steam engines of any kind are required in moving the same along the public highways, on meeting any person or persons on horses, mules or other animals, or in vehicles of any kind, drawn by horses or mules or other animals, to shut off the steam and come to a halt, at a distance of one hundred yards from the place on said highway where the said person or persons on horses, mules or other animals, or in vehicles of any kind, are met, and to remain with steam down and halted until said person or persons shall have passed at a distance of one hundred yards from the place of

Vol 86 app—37

halting on said highway." There is a penalty attached to a violation of the statute.

The defendant contends that said statute has no application to towns and cities, which contention if true requires that the case should be reversed. On the other hand, the respondent claims that the term "public highways" as used in the act includes streets in town and cities. "The term *highway* is said to be a generic name for all kinds of public ways." See Bouvier's Law Dictionary. The Supreme Court in Lackland v. Railroad, 34 Mo. 259, in speaking of a street, calls it a highway. That a street in a city may properly be called a highway, there can be no question. But that the Legislature in enacting laws governing highways intended to include streets in town and cities, is to be determined from the sense of the statute itself and not from a general definition of the terms *highways*. A highway in its more restricted sense is a "passage or road through the county or some parts of it for the use of the people." See Bouvier's Law Dictionary. Therefore, the language of the act must be construed in order to determine what the lawmakers meant by the term "highways" as used. It is not to be presumed that the Legislature in employing the generic term *highways* meant to include the streets of a municipal corporation. There is no such presumption. See Elliott on Roads and Streets, p. 16.

But no authority is needed in the interpretation of the act in question, for the meaning is obvious. Section 2 refers to threshing machines, cane mills, corn mills, saw mills, reaping machines, mowing machines and steam engines of any kind. All the machinery being such as is used exclusively in rural districts and not in cities and towns, for "steam engines of any kind" mean of the character mentioned. It would be absurd to say that a machine used in cities such as the one in question, or any other machine operated by steam, could be moved at all in the daytime, or even the greater part of the night, under the restrictions imposed by the act in question.

Respondent cites the case of State ex rel. v. Mason, 153 Mo. 23, to show that the police power of the state extends to all parts of the state, in cities as well as in the country. There is no disputing this proposition. But the state may delegate the power to cities so far as the power is to be exercised within their jurisdiction, and this power, it seems, so far as streets and highways are concerned was conferred upon Kansas City. In the enabling act providing for the formation of charter cities, having more than one hundred thousand inhabitants, it is provided: "Such city shall have exclusive control over its public highways, streets, alleys, etc." "Any law of this state to the contrary notwithstanding." It will not be contended but that Kansas City has a charter, a local government and a population of over one hundred thousand inhabitants. See State ex rel. v. Field, 99 Mo. 352, where, as in this case, exclusive power has been granted by the state to a city over a subject-matter, the state will not be permitted to dispute its existence. See State v. Willard, 39 Mo. App. 251. The act in question could have no force and effect in Kansas City. If it had at any time application to cities, it was clearly and unequivocally repealed by the enabling act, supra.

It is clear that plaintiff was not entitled to recover and that defendant's instruction number one should have been given. It follows, therefore, as a matter of course, that all other alleged errors become unimportant and will not be noticed. Reversed. All concur.